**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

ROMEO HERBERT, individually and as
representative of a class of similarly situated
persons on behalf of RICK CASE
ENTERPRISES, INC. 401(K) PLAN,                    Case No.: 25-cv-62255

        Plaintiff,

vs.

RICK CASE ENTERPRISES, INC., RICK
CASE ENTERPRISES, INC. 401(K) PLAN,
RITA M. CASE, DARREN W. STOKES,
JOHN DOE DIRECTORS 1-10, JOHN DOE
COMMITTEE MEMBERS 1-10,

        Defendants.

_____/

**DEFENDANT RICK CASE ENTERPRISES, INC. 401(K) PLAN'S**
**MOTION TO DISMISS WITH PREJUDICE**

Defendant Rick Case Enterprises, Inc. 401(k) Plan (the "Plan"), by and through

undersigned counsel and pursuant to Rule 12(b)(6), hereby moves to dismiss the Complaint with

prejudice for failure to state a claim against the Plan, and in support thereof, states as follows:

## I.      INTRODUCTION

Plaintiff's Complaint is brought pursuant to section 502(a)(2) of the Employee Retirement

Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1132(a)(2), for the damages

and equitable relief available under section 409 of ERISA. 29 U.S.C. § 1109. (Compl., ¶ 5.)

Section 409, however, provides for relief only against a "*person* who is a *fiduciary with respect to*

*a plan*." 29 U.S.C. § 1109 (emphases added).  The Plan, however, is not a  "fiduciary with respect

to"  itself and, further, is not a "person" as defined in ERISA.  The claims in Counts I and II should

therefore be dismissed with prejudice as to the Plan for failure to state a claim.

Count III should likewise be dismissed with prejudice as to the Plan for failure to state a claim. In that regard, Count III is not supported by plausible allegations of fact as to how the Plan participated in any breach of fiduciary duty to itself.

## II.    STATEMENT OF FACTS

Plaintiff is a participant in the Plan and alleges in the Complaint that he has brought this action "on behalf of the Plan" against the Plan—as one of the named defendants, ostensibly pursuant to section 502(a)(2) of ERISA. 29 U.S.C. § 1132(a)(2), for the damages and equitable relief available under section 409 of ERISA.  (Compl. ¶¶ 5, 6, 15.)  The Plan is an employee benefit plan subject to ERISA, 29 U.S.C. § 1001 *et seq.,* and is sponsored by codefendant Rick Case Enterprises. Inc. (Compl. ¶¶ 6, 7.)

In Count I, Plaintiff claims that the Plan breached fiduciary duties owed to itself "in that [the Plan] failed and continue to fail[s] to discharge [its] duties *with respect to the Plan.*" (Compl. ¶ 56 (emphasis added).) Plaintiff also claims in Count I that the Plan is  a "co-fiduciary" of itself and is therefore  liable for the breaches of the statutory duties of the Plan's other  fiduciaries. (Compl. ¶ 57.)

In Count II, Plaintiff claims that the Plan breached fiduciary duties owed to itself by failing to monitor and evaluate the performance and  processes of its appointees, failing to remove appointees who were performing inadequately, and failing to conduct a proper review of  plan administrative fees. (Compl. ¶ 65.)

In Count III, Plaintiff claims that, even if the Plan was not a fiduciary with respect to itself, it "should be enjoined or otherwise subject to equitable relief as a non-fiduciary" because it "knowingly participated in breaches of fiduciary duty." (Compl. ¶¶ 70, 71.)  Count III, however, does not include any factual allegations setting forth how the Plan knowingly participated in breaches of duty by its own fiduciaries.

### III.  MEMORANDUM OF LAW

### A.  STANDARD OF REVIEW FOR MOTION TO DISMISS.

In considering a motion to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a district court must examine the complaint to determine whether the "[f]actual allegations [are] enough to raise a right of relief above the speculative level . . . " *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted).  The court need not, however, accept as true statements or conclusions of law.  *See Huggins v. School Dist. of Manatee County*, 151 F.4th 1268, 1283 (11th Cir. 2025).

### B.  COUNTS I AND II FAIL TO STATE A CLAIM AGAINST THE PLAN BECAUSE THE PLAN IS NOT A FIDUCIARY OF ITSELF.

Section 502(a)(2) of ERISA, 29 U.S.C. § 1132(a)(2), provides "for appropriate relief under section 409."  Section 409 of ERISA, 29 U.S.C. §1109, in turn provides that a "person who is a fiduciary with respect to a plan" is personally liable for losses resulting from a breach of duty:

> Any *person* who is *a fiduciary with respect to a plan* who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach . . ..

29 U.S.C. 29 U.S.C. §1109(a) (emphases added).

Numerous cases stand for the proposition that an employee benefit plan cannot be a "fiduciary" of itself for purposes of naming it as a party defendant in an action brought under ERISA for breach of fiduciary duty.  For example, in *Acosta v. Pacific Enterprises*, 950 F.2d 611 (9th Cir. 1991), the Ninth Circuit ruled as follows:

> A plan covered by ERISA cannot, as an entity, act as a fiduciary with respect to its own assets. Therefore, a plan itself cannot be sued for breach of fiduciary duty.

*Id.* at 618.

1095094\327728886.v3

*Hebert v. Rick Case Enterprises, Inc,*
Defendant Rick Case Enterprises, Inc. 401(k) Plan's Motion to Dismiss with Prejudice

Similarly, in *Womack v. Orchids Paper Products Co. 401(k) Savings Plan*, 769 F. Supp. 2d 1322 (N.D. Okla. 2011), the court ruled that the "Plan itself cannot be held liable for breach of fiduciary duties pursuant to [29 § U.S.C. § 1132(a)(2)] because the Plan cannot be a fiduciary of itself." *Id*. at 1328.  Other cases to this same effect include *Brennan v. Consolidated Rail Corp. Matched Savings Plan*, 2000 U.S. Dist. LEXIS 1813 (E.D. Pa. Feb. 11, 2000), in which the court ruled that the "Plan itself is not encompassed by the language of the statute that defines who is a fiduciary and what duties a fiduciary owes to participants and beneficiaries." *Id*. at *10; *see also Foltz v. U.S. News & World Report, Inc.*, 613 F.Supp. 634, 641 n.7 (D.D.C. 1985) ("[t]he Plan, of course, cannot be a fiduciary of itself.").

Other courts have analyzed the term "person" under ERISA in the context of who may be a "fiduciary" under ERISA. The term "person" is defined in section 3(9) of ERISA:

> The term "person" means an individual, partnership, joint venture, corporation, mutual company, joint-stock company, trust, estate, unincorporated organization, association, or employee organization.

29 U.S.C. § 1002(9).  In *Boucher v. Williams*, 13 F. Supp. 2d 84 (D. Me. 1998), the court ruled as that an employee benefit plan is not a  "person" under ERISA's definition of that term:

> [Employee benefit] Plans are not included within ERISA's definition of 'persons.' 29 U.S.C. § 1002(9). *See Adams* [*v. Koppers Co., Inc.*, 684 F. Supp. 399, 400-01 (W.D. Pa. 1988)]. Therefore, they are not properly subject to breach of fiduciary duty claims.

*Id.* at *93; *see also Ranke v. Sanofi-Synthelabo, Inc.*, 2004 U.S. Dist. LEXIS 22427, *5  (E.D. Pa. Nov. 3, 2004), *aff'd,* 436 F.3d 197 (the definition of "person" under ERISA "does not include employee benefit plans").

Because the relief sought in Counts I and II may only be imposed on a "fiduciary with respect to" the Plan, and the Plan is not a fiduciary of itself,  those counts should be dismissed as to the Plan under Rule 12(b)(6) for failure to state a claim upon which relief may be granted.

1095094\327728886.v3

### C.   COUNT III FAILS TO STATE A CLAIM AGAINST THE PLAN BECAUSE NO PLAUSIBLE ALLEGATIONS ARE MADE THAT THE PLAN PARTICIPATED IN BREACHES OF FIDUCIARY DUTY.

Nowhere in the Complaint are there any allegations of fact, plausible or otherwise, as to how the Plan participated in any breach of fiduciary duty to itself.  Accordingly, Count III should be dismissed as to the Plan under Rule 12(b)(6) for failure to state a claim upon which relief may be granted.

### IV.   CONCLUSION

For the forgoing reasons, the Plan requests this Court to enter an order and judgment in its favor dismissing all counts of the Complaint as to the Plan with prejudice for failure to state a claim.

DATED: January 30, 2026

*s/ Andrew M. Gordon*

Andrew M. Gordon
Florida Bar No.: 68886
agordon@hinshawlaw.com
Lauren D. Swanson
Florida Bar No.:  1011451
lswanson@hinshawlaw.com
HINSHAW & CULBERTSON LLP
201 East Las Olas Boulevard, Suite 1450
Ft. Lauderdale, FL 33301
Telephone: 954-467-7900
Facsimile: 954-467-1024
Secondary: ablitz@hinshawlaw.com
*Attorneys for Defendants, Rick Case Enterprises, Inc., Rick Case Enterprises Inc. 401(k) Plan, Rita M. Case, and Darren W. Stokes*

*Hebert v. Rick Case Enterprises, Inc,*
Defendant Rick Case Enterprises, Inc. 401(k) Plan's Motion to Dismiss with Prejudice

James Harbert
Illinois Bar No. 3128432
jharbert@hinshawlaw.com
Anthony E. Antognoli
Illinois Bar No. 6271873
aantognoli@hinshawlaw.com
HINSHAW & CULBERTSON LLP
151 North Franklin Street, Suite 2500
Chicago, IL  60606
Telephone: 312-704-3000
Facsimile: 312-704-3000
*Attorneys for Defendants, Rick Case*
*Enterprises, Inc., Rick Case Enterprises Inc.*
*401(k) Plan, Rita M. Case, and Darren W.*
*Stokes*

1095094\327728886.v3