**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

ROMEO HEBERT, individually and as representative of a class of similarly situated persons on behalf of the RICK CASE ENTERPRISES, INC. 401(K) PLAN,

Plaintiff,

v.

RICK CASE ENTERPRISES, INC., et al.

Defendants.

**Case No. 25-62255-CIV-SINGHAL**

**JOINT RESPONSE TO ORDER TO SHOW CAUSE**

Plaintiff and Defendants, by and through their undersigned counsel, respectfully provide their response to the Order to Show Cause as follows:

1. On September 16, 2026, this Court entered its paperless Order to Show Cause why sanctions should not be imposed for failing to submit a mediation report by 9/15/2026 [ECF No. 42].

2. The Parties were able to reach a settlement providing class-wide relief prior to mediation and have been negotiating and revising the terms of a draft Class Action Settlement Agreement over the course of the last several weeks.

3. As the mediation was cancelled, through shared oversight of the several attorneys, respective counsel overlooked the deadline for the mediation report.

4. Counsel have completed the proposed Class Action Settlement Agreement which is currently being circulated for execution.

5. Plaintiff's counsel anticipates the filing of a motion for preliminary approval within the next ten days.

6. Counsel for Plaintiff and Defendants sincerely apologize to the Court for their oversight in advising the Court of the case status.

## MEMORANDUM OF LAW IN RESPONSE TO ORDER TO SHOW CAUSE

### I. Background

The Court's Order Scheduling Mediation [ECF No. 38] required the submission of a mediation report by September 15, 2026. Before the scheduled mediation conference, the Parties reached a settlement providing class-wide relief, and the mediation was cancelled. Over the following weeks, counsel negotiated and revised the terms of a Class Action Settlement Agreement, which is now complete and being circulated for execution. Plaintiff anticipates filing a motion for preliminary approval within the next ten days.

Because the mediation did not go forward, and through an oversight among the several attorneys involved, the mediation report deadline was overlooked. On September 16, 2026, the Court entered its Order to Show Cause directing the Parties to submit the report or show cause why sanctions should not be imposed. [ECF No. 42].

### II. The Standard for Sanctions

A court's authority to sanction a party for failing to obey a scheduling or pretrial order arises under Federal Rule of Civil Procedure 16(f) and, independently, under the court's inherent power. Both sources of authority are discretionary, and neither supports the imposition of sanctions on the facts presented here.

Rule 16(f) provides that a court "may" issue "any just orders" when a party or its attorney "fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C). The Rule further directs that the court "must not" order the payment of expenses if "the noncompliance was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P.

16(f)(2). The Eleventh Circuit has made clear that sanctions for a missed filing require "a clear record of delay or willful conduct" and that a "seemingly inadvertent and isolated mistake" does not meet that standard. *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1338–40 (11th Cir. 2005). As the court there observed, the failure to make a required filing "generally is corrected by an order to compel filing"- which is precisely the relief the Court's Order to Show Cause already affords. *Id.* at 1340.

Sanctions under the Court's inherent power are reserved for a party that "has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46 (1991). The Eleventh Circuit requires a finding of subjective bad faith before inherent-power sanctions may be imposed; "[r]ecklessness alone does not satisfy the inherent powers standard." *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1223–25 (11th Cir. 2017) (reversing sanctions where counsel's conduct, though careless, was not shown to be intentional).

## III. The Missed Deadline Was the Product of Excusable Neglect

The failure to submit the mediation report by September 15, 2026 was inadvertent. Because the case was resolved before the mediation conference and the mediation was cancelled, the several attorneys involved each understood that the reporting obligation had been addressed by another, and the deadline was overlooked. No party or attorney made a deliberate decision to disregard the Court's Order.

In determining whether a missed deadline is excusable, courts consider "all relevant circumstances surrounding the party's omission," including "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507

U.S. 380, 395 (1993); *see,* Fed. R. Civ. P. 6(b)(1)(B). The Eleventh Circuit has held that a lapse of exactly this kind- an oversight shared by lawyers - constitutes excusable neglect. *Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 849–50 (11th Cir. 1996). In *Cheney*, the court held that "[t]he lack of prejudice . . . , the minimal degree of delay and the reason therefor, and the lack of impact on the judicial proceedings, when coupled with the lack of bad faith," required a finding that counsel's neglect was excusable, and that the district court abused its discretion in concluding otherwise. *Id.* at 850; see also *Walter v. Blue Cross & Blue Shield United of Wis.*, 181 F.3d 1198, 1201–02 (11th Cir. 1999) (missed filing deadline resulting from an office docketing lapse was excusable neglect where the delay caused no prejudice and counsel acted in good faith).

Each of the *Pioneer* factors weighs against sanctions here. First, no party has been prejudiced; Defendants have joined in the Parties' response and agree that the omission was inadvertent. Second, the delay is minimal, and the Court's Order to Show Cause was entered one day after the deadline. Third, the reason for the delay is a good-faith oversight among counsel arising from the cancellation of the mediation, not any disregard of the Court's authority. Fourth, counsel have at all times acted in good faith and have responded to the Court's Order promptly and candidly.

**<u>IV. The Delay Has Not Impaired the Proceedings and Serves the Policy Favoring Settlement</u>**

The purpose of the mediation report is to inform the Court of the outcome of the mediation process. The Parties have achieved the very result that process is designed to produce: a negotiated resolution providing class-wide relief. Counsel have completed the proposed Class Action Settlement Agreement, which is being circulated for execution, and Plaintiff anticipates filing a motion for preliminary approval within the next ten days. The Court will therefore shortly receive far more comprehensive information regarding the resolution of this action than a mediation report

would have conveyed.

The Eleventh Circuit has repeatedly emphasized that "[p]ublic policy strongly favors the pretrial settlement of class action lawsuits." *In re U.S. Oil & Gas Litig.*, 967 F.2d 489, 493 (11th Cir. 1992); *see also*, *Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984). Counsel's attention during the relevant period was devoted to finalizing the terms of a settlement that will resolve this ERISA class action in its entirety. Under these circumstances, the noncompliance was substantially justified, and an award of expenses or other sanctions would be unjust within the meaning of Rule 16(f)(2).

## V. Conclusion

The missed deadline was a single, inadvertent, and promptly acknowledged lapse that caused no prejudice and no delay in the proceedings, and that occurred while counsel were completing a class-wide settlement. Neither Rule 16(f) nor the Court's inherent authority supports the imposition of sanctions on this record. Undersigned counsel sincerely apologizes to the Court for the oversight.

WHEREFORE, the Parties respectfully requests that the Court find that good cause has been shown, discharge the Order to Show Cause [ECF No. 42], and decline to impose sanctions.

Respectfully submitted this 16th day of September 2026.

*/s/ Robert W. Murphy*
Robert W. Murphy, Esq.
Florida Bar No. 717223
rwmurphy@lawfirmmurphy.com
Law Office of Robert W. Murphy
440 Premier Circle, Suite 240
Charlottesville, Virginia 22901
T: (954) 763-8660
F: (954) 763-8607

Walter J. Mathews, Esq.
Florida Bar No. 174319

*/s/ Andrew M. Gordon*
Andrew M. Gordon, Esq.
Florida Bar No.: 68886
agordon@hinshawlaw.com
Lauren D. Swanson, Esq.
Florida Bar No.: 1011451
lswanson@hinshawlaw.com
Hinshaw & Culbertson LLP
201 East Las Olas Boulevard, Suite 1450
Ft. Lauderdale, FL 33301
T: (954) 467-7900
F: (954) 467-1024

wjm@mathewsllp.com
Walter M. Mathews, P.A.
219 Davie Boulevard
Fort Lauderdale, Florida 32215
T: (954) 463-1929
F: (954) 653-2963

*Attorneys for Plaintiff*

Secondary: ablitz@hinshawlaw.com

James Harbert, Esq.
Illinois Bar No. 3128432
jharbert@hinshawlaw.com
Anthony E. Antognoli, Esq.
Illinois Bar No. 6271873
aantognoli@hinshawlaw.com
Hinshaw & Culbertson LLP
151 North Franklin Street, Suite 2500
Chicago, IL 60606
T: (312) 704-3000
F: (312) 704-3000

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 16, 2026, I electronically filed the foregoing Joint Response to Order to Show Cause with the Clerk of Court for the U.S. District Court for the Southern District of Florida, using the CM/ECF system which will send a notice of electronic filing to all counsel of record and service by email to the following:

Andrew M. Gordon, Esq., agordon@hinshawlaw.com
Lauren D. Swanson, Esq., lswanson@hinshawlaw.com
James Harbert, Esq., jharbert@hinshawlaw.com
Anthony E. Antognoli, Esq., aantognoli@hinshawlaw.com
*Counsel for Defendants*

Walter J. Mathews, Esq.
wjm@matthewsllp.com

*/s/ Robert W. Murphy*
Attorney