# EXHIBIT 1

Class Action Settlement Agreement, with Exhibits A–C

*Hebert v. Rick Case Enterprises, Inc., et al., Case No. 25-62255-CIV-SINGHAL*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

ROMEO HEBERT, *individually and as representative of a class of similarly situated persons on behalf of the* RICK CASE ENTERPRISES, INC. 401(K) PLAN,

Plaintiff,

v.

RICK CASE ENTERPRISES, INC. 401(K) PLAN, RITA M. CASE, DARREN W. STOKES, JOHN DOE DIRECTORS 1-10, JOHN DOE COMMITTEE MEMBERS 1-10 RICK CASE ENTERPRISES, INC., *et al.*

Defendants.

**Case No. 25-62255-CIV-SINGHAL**

# CLASS ACTION SETTLEMENT AGREEMENT

This Class Action Settlement Agreement (hereinafter the "**Settlement Agreement**") is made by and between Plaintiff, ROMEO HEBERT ("**HEBERT**" or "**Class Representative**"), individually and on behalf of the Class and Class Members (as those terms are defined below), on the one hand, and Defendants, RICK CASE ENTERPRISES, INC., RICK CASE ENTERPRISES, INC. 401(K) PLAN, RITA M. CASE, DARREN W. STOKES, JOHN DOE DIRECTORS 1-10, and JOHN DOE COMMITTEE MEMBERS 1-10 (collectively "**RICK CASE**"), on the other hand, through their respective counsel.

Throughout this Settlement Agreement, RICK CASE, the Class Representative, and Class Members may be referred to individually as a "**Party**," or collectively as the "**Parties**."

**Background and Context**

A. There is currently pending in the United States District Court for the Southern District of Florida (the "**Court**"), a lawsuit styled "Romeo Hebert v. Rick Case Enterprises, Inc., et al., Case No. 25-62255-CIV-SINGHAL" (the "**Action**"), in which HEBERT, as putative Class Representative, filed a Complaint against RICK CASE alleging a breach of their fiduciary duties under the Employee Retirement Income Security Act ("**ERISA**"), 29 U.S.C. § 1001 et seq. In particular, the Class Representative filed claims on behalf of himself and all other similarly situated participants and beneficiaries in the Rick Case Enterprises, Inc. 401(k) Plan (the "**Plan**") at any time on or after the date of filing, and continuing to the date of judgment, or such earlier date that the Court determines is appropriate and just (the "**Class Period**"), including any beneficiary of a deceased person who was a participant in the Plan at any time during the Class Period.

B. RICK CASE disputes the claims asserted in the Action and denies any wrongdoing or liability in connection with the alleged violations set forth in the Action.

C. The Class Representative, individually and on behalf of the Class Members, on the one hand, and RICK CASE on the other, wish to amicably end and bring to rest the disputes and claims between them and to avoid protracted litigation that would ensue, in their respective best interests.

D. Counsel for the Parties have engaged in extensive arm's-length negotiations prior to entering into this Settlement Agreement.

E. This Settlement Agreement sets forth the terms and conditions for a proposed settlement of the claims described more fully below.

F. The Class Representative and Class Counsel believe that this Settlement Agreement, including its class notification procedures, is fair, reasonable and adequate; and, subject to receiving approval from this Court, have agreed to settle the Action, pursuant to the

provisions of this Settlement Agreement, after considering such factors as the substantial benefits to the Class Representative and the Class Members under the terms of this Settlement Agreement and the attendant risks and uncertainties of litigation, especially in complex actions such as this, as well as the difficulties and delays inherent in such litigation, including (a) the uncertainty inherent in establishing any liability of RICK CASE, (b) the uncertainty inherent in the various theories of damages, even if the Class Representative prevailed in establishing the liability of RICK CASE, and (c) the desirability of consummating this Settlement Agreement promptly in order to provide effective relief to the Class Representative and the Class Members.

G. By reaching the settlement, RICK CASE does not admit or concede any wrongdoing, liability or improper conduct of any nature in connection with any facts or claims that have been or could have been raised against it in the Action, or in any other forum. RICK CASE considers it desirable for the Action to be settled and dismissed because the Settlement will: (a) avoid the continued expense of litigation; (b) make unnecessary resolution of the issues presented by the Action; and (c) finally put the Class Representative's claims and the Class Members' claims, as well as the underlying matters, to rest without undue expense to the Parties, while reducing the burdens and uncertainties associated with protracted litigation of those claims.

H. The Parties agree that the provisions of this Settlement Agreement should be construed such that, in consideration for the payment of the Settlement Fund (as set forth in Section 1.1) to or for the benefit of Class Members, the Settlement Class releases RICK CASE and agrees to a dismissal with prejudice of this action and all class and individual claims asserted therein as to RICK CASE.

## Definitions

A. Rules of Definitions.

Unless otherwise indicated, defined terms include the plural as well as the singular. Any term herein defined by reference to a section of this Settlement Agreement shall have such meaning as set forth in this Settlement Agreement as of the Execution Date and, unless such meaning is expressly amended subsequently, such meaning shall remain in effect. Unless the context otherwise requires, a reference to any law or governmental regulation includes any amendment, modification or successor thereto; a reference to any Person includes its successors and assigns; the words "include," "includes" and "including" are not limiting and shall be deemed to be followed by the words "without limitation" whether or not in fact followed by such words or words of like import; and the terms "hereof," "herein," "hereunder" and comparable terms refer to this entire Settlement Agreement with respect to which such terms are used and not to any particular article, section or other subsection or subdivision thereof. Each defined term below remains subject to the approval of the Court.

B. Defined Terms.

As used in this Settlement Agreement, the following terms have the meanings specified below:

1. "**Action**" means that certain lawsuit styled Romeo Hebert v. Rick Case Enterprises, Inc., et al., which was filed in the United States District Court for the Southern District of Florida, and which was assigned Case No. 25-62255-CIV-SINGHAL.

2. "**Approval Hearing**" means the hearing before the Court at which the Court determines, among other things: (1) the merits of any objections to the Settlement; (2) whether to approve in final this Settlement Agreement, pursuant to Fed. R. Civ. P. 23, as fair, reasonable, adequate, and in the best interests of the Class Members, and to authorize all acts necessary to

consummate and effectuate the terms and conditions of this Settlement Agreement; (3) whether the Court should enter a Final Order approving the Settlement in final and dismissing the Action with prejudice; (4) the compensation of Class Counsel for attorney's fees, court costs and litigation expenses; and (5) such other matters as the Court may deem necessary and appropriate.

3. "**Class**," "**Settlement Class**," and "**Class Members**" mean the class of persons defined as follows:

> All participants and beneficiaries in the Rick Case Enterprises, Inc. 401(k) Plan (the "**Plan**") at any time during the period from December 15, 2022 through the date of entry of the Preliminary Approval Order (the "**Class Period**"), and who had funds invested in MassMutual SAGIC Diversified II Fund which were reduced by a market value adjustment. The "**Class**" shall include any beneficiary of a deceased person who was a participant in the Plan and who had funds invested in MassMutual SAGIC Diversified II Fund which were reduced by a market value adjustment.

RICK CASE represents and warrants that the Class consists of approximately one hundred eleven members (111) ("**Class Size Warranty**").

4. "**Class Administrator**" or "**Settlement Administrator**" means American Legal Claim Services, LLC, P.O. Box 23650, Jacksonville, FL 32241.

5. "**Class Counsel**" means Robert W. Murphy, Esq., 440 Premier Circle, Suite 240, Charlottesville, Virginia 22901; and Walter J. Mathews, Esq., 219 Davie Blvd., Fort Lauderdale, Florida 33315.

6. "**Class List**" means the list of Class Members. RICK CASE shall prepare and provide the Class List to the Class Administrator and to Class Counsel using information from the records of the Plan. To the extent maintained by RICK CASE, the Class List shall include the Class Members' full names, current addresses, email addresses, account numbers, and account balances. RICK CASE shall provide the Class List to the Class Administrator and Class Counsel within fifteen (15) days of entry of the Final Order. The Class Administrator and Class Counsel shall keep

the Class List confidential. The Class List shall not be filed in the public record but shall be available for in camera review by the Court.

7. "**Class Period**" means December 15, 2022 through the date of entry of the Preliminary Approval Order.

8. "**Class Representative**" means HEBERT acting on behalf of himself and on behalf of the Class and the Class Members.

9. "**Court**" means the Fort Lauderdale Division of the United States District Court for the Southern District of Florida, which presides over the Action.

10. "**Execution Date**" means the date of the last signature required to form the agreement embodied in this Settlement Agreement.

11. "**Final Effective Date**" means the date on which the Final Order and/or Final Judgment approving this Agreement becomes final. For purposes of this Agreement, the Final Effective Date will be:

a. The date on which the time to appeal therefrom has expired, if no appeal has been taken from the Final Order and/or Final Judgment; or

b. The date on which all appeals therefrom, including petitions for rehearing or re-argument, petitions for rehearing en banc and petitions for any other form of review, have been finally disposed of in a manner that affirms the Final Order or Final Judgment, if any appeal has been taken from the Final Order and/or Final Judgment; or

c. Any other date agreed to in writing by Class Counsel and RICK CASE's Counsel.

12. "**Final Judgment**" means the Court's final judgment as described in Section 4 of this Agreement.

13. "**Final Order**" means the Court's order approving the Settlement and this Agreement.

14. "**Law**" means laws of every kind and nature, including, without limitation, statutory law, as well as case law and rules and regulations.

15. "**Litigation**" means all actions, claims and proceedings which were asserted in, or could have been asserted in, the Action.

16. "**MVAL**" means the market value adjustment loss to funds invested in MassMutual SAGIC Diversified II Fund which were reduced by a market value adjustment because of a change in record-keepers.

17. "**Notice Date**" means the date by which the Notice is disseminated to the Settlement Class, which shall be a date no later than thirty (30) days after entry of the Preliminary Approval Order as defined in Section 2.1.

18. "**Party**" means any one of the Defendants, the Class Representative, the Class, and Class Members. "**Parties**" refers collectively to every Party.

19. "**Person**" means an individual, corporation, partnership, limited partnership, limited liability company, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assigns.

20. "**Released Claims**" shall have the meaning set forth in Section 4.1.

21. "**Released Person(s)**" means RICK CASE ENTERPRISES, INC., RICK CASE ENTERPRISES, INC. 401(K) PLAN, RITA M. CASE, DARREN W. STOKES, JOHN DOE DIRECTORS 1-10, JOHN DOE COMMITTEE MEMBERS 1-10, and each of their past, present,

and future parent entities, subsidiary entities, and other affiliated entities (the term "affiliated entities" includes, but is not limited to, any entity controlling, controlled by, or under control with RICK CASE ENTERPRISES, INC., RICK CASE ENTERPRISES, INC. 401(K) PLAN, RITA M. CASE, DARREN W. STOKES, JOHN DOE DIRECTORS 1-10, JOHN DOE COMMITTEE MEMBERS 1-10, and all of their servants, predecessors, successors, spin-offs, assigns, holding companies, joint-ventures and joint-venturers, partnerships and partners, members, divisions, stockholders, bondholders, subsidiaries, related companies, affiliates, officers, directors, employees, associates, dealers, representatives, suppliers, vendors, advertisers, service providers, distributors and sub-distributors, agents, insurers, attorneys, administrators, advisors, trustees, recordkeepers, investment managers, investment advisors, consultants, asset custodians, auditors, and any fiduciary acting in any capacity with respect to the Plan, including, but not limited to, UBS FINANCIAL SERVICES, INC., EMPOWER FINANCIAL SERVICES, INC., MASSMUTUAL FINANCIAL SERVICES, INC., PRINCIPAL LIFE INSURANCE COMPANY, AND PRINCIPAL FINANCIAL GROUP. The Parties expressly acknowledge that each of the foregoing is included as a Released Party.

22. "**Settlement**" means the settlement embodied in this Settlement Agreement.

23. "**Settlement Benefits**" shall mean the benefits set forth in Section 1.

**<u>Terms of Settlement</u>**

NOW THEREFORE, in light of the foregoing, which is incorporated herein and made a part hereof, and in consideration of the mutual promises, agreements and covenants contained herein, the sufficiency and receipt of which are hereby acknowledged, it is hereby stipulated and agreed, by, between and among the Parties, that the Action and the matters raised by it hereby will be settled, compromised, and dismissed on the merits and with prejudice on the following terms and conditions, subject to the approval of the Court:

**1. Settlement Benefits**

1.1 Common Fund.

*(a) General*

RICK CASE shall pay Two Hundred Nine Thousand Dollars ($209,000.00) for the purpose of funding the Settlement ("**Settlement Fund**"), inclusive of all costs, fees, and other payments, including, but not limited to, the costs of notice and settlement administration, attorneys' fees, litigation expenses and costs. The Settlement Fund shall be deposited with the Settlement Administrator within ten (10) days of the Final Effective Date. The amount of $209,000.00 is intended to be a total and complete payment. In no event shall RICK CASE, its insurers or any of the Released Parties, be liable for any amount in excess of the Settlement Fund of $209,000.00; however, this limitation shall not apply in the event of the application of the "true up formula" as set forth in Section (b) below.

*(b) Settlement Payment*

*(i) Amount*

All attorney's fees to Class Counsel, litigation expenses, costs and any and all costs or expenses related to Settlement Administration, including the costs of notice, shall be deducted from the Settlement Fund to determine the "**Net Settlement Fund**." All Class Members who do not exclude themselves ("**Participating Class Members**") shall receive a settlement payment from the Settlement Administrator ("**Settlement Payment**"). The amount of the Settlement Payment which shall be issued to Participating Class Members shall be determined as follows:

$$\frac{\textbf{Amount of MVAL Incurred By Class Member}}{\textbf{Aggregate Amount of MVAL Incurred by Class}} \times \textbf{Net Settlement Fund}$$

In the event the actual number of Class Members exceeds the Class Size Warranty, RICK CASE shall increase the Settlement Fund by a "true-up formula," i.e., dividing the initial Settlement Fund by the number of Class Members in the Class Size Warranty and multiplying the resulting quotient by the actual number of Class Members.

*(ii)* *Method of Settlement Payment:*

(a) As Current Plan Participants. The Settlement Administrator shall directly deposit Settlement Payments into the accounts of current Plan participants.

(b) As Former Plan Participants. The Settlement Administrator shall send a settlement check issued by the Settlement Administrator ("**Settlement Check**") to the best mailing address of any class member who is no longer a Plan participant.

(iii) *Characterization of Net Settlement Proceeds*: The deposit of Settlement Payments into current Plan participant accounts will be deemed to be Restorative Payments within the meaning of Revenue Ruling 2002-45 for all purposes, and distributions to former Plan participants will not be deemed to be distributions from the Plan and are therefore not Restorative Payments and as such will be reportable on a 1099-MISC as applicable.

*(c) Cy Pres.*

Any funds remaining in the Settlement Fund after the payment of all approved class member claims, expenses, litigation costs, attorneys' fees, and other court-approved disbursements shall constitute a Cy Pres Award. If any Class Members who have not opted out do not negotiate or cash their Settlement Check within ninety (90) days from the issuance, such funds shall be a Cy Pres award. Any Cy Pres award shall be distributed to the Florida Bar Foundation ("**Cy Pres Recipient**").

1.2 <u>If Final Approval Not Granted</u>.

The Settlement is conditioned upon Preliminary Settlement Approval as defined in Section 2.1 and final approval of the Settlement Agreement through the issuance of a Final Approval Order, and final approval of all terms and conditions of the Settlement Agreement without material change, material amendments, or material modifications by the Court (except to the extent such changes, amendments, or modifications are agreed to in writing between the Parties). All exhibits attached hereto are incorporated into this Settlement Agreement. Accordingly, any Party may elect to terminate and cancel this Settlement Agreement within ten (10) days of any of the following events:

(a) This Settlement Agreement is changed in any material respect to which the Parties have not agreed in writing;

(b) The Court refuses to grant Preliminary Settlement Approval of this Agreement even after the renegotiation process of this Agreement;

(c) The Court refuses to grant Final Approval of this Agreement in any material respect; or

(d) The Court refuses to enter a Final Judgment in this Action in any material respect.

In the event the Settlement Agreement is not approved or does not become final, or is terminated consistent with this Settlement Agreement, the Parties, pleadings, and proceedings will return to the status quo ante as if no settlement had been negotiated or entered into, and the Parties will negotiate in good faith to establish a new schedule for the Action, and the Settlement Fund, less any Administrative Expenses accrued to date, including any funds advanced or due to the Settlement Administrator for services actually rendered under Section 6, which shall not be recoverable from the Class Representative or Class Counsel, shall be returned to RICK CASE within fourteen (14) days thereof.

1.3 Qualified Settlement Fund.

The Settlement Fund shall constitute a qualified settlement fund ("**QSF**") within the meaning of Treasury Regulation Section 1.468B-1 promulgated under Section 468B of the Internal Revenue Code of 1986 as amended. The Settlement Administrator shall be the "administrator" within the meaning of Treasury Regulation § 1.468B-2(k)(3).

**2. Mechanics of Preliminary Settlement Approval**

2.1 Preliminary Settlement Approval. Upon execution of this Settlement Agreement, Class Counsel shall prepare and file a motion ("**Preliminary Approval Motion**") requesting that the Court enter a jointly prepared Order of Preliminary Approval ("**Preliminary Approval Order**"), attached as Exhibit A, approving on a preliminary basis this Settlement Agreement.

2.2 Description of Preliminary Approval Order: The Preliminary Approval Order shall:

(a) Temporarily and conditionally certify the Class for Settlement purposes only;

(b) Provide that the Class Representative and Class Counsel fairly and adequately represent and protect the interests of the Class Members;

(c) Determine on a preliminary basis that the Settlement, including the identification, notification and class administration set forth in this Settlement Agreement, is fair, adequate and reasonable to the Class Members;

(d) Stay all proceedings in the Action and enjoin the prosecution by Class Members who do not timely and validly exclude themselves from this Settlement of any non-filed or pending individual or class claims asserting any claim(s) encompassed by the claims released in Section 4.1;

(e) Approve, as being in compliance with the due process rights and other rights of Class Members, the plan of notice and class administration set forth herein, and the contents of the Notice of Pendency of Class Action, Proposed Settlement and Hearing ("**Notice**"), attached hereto as Exhibit B. The content of the Notice shall be agreed upon by the parties and subject to the approval of the Court;

(f) Provide a clearly disclosed right to object or request exclusion from the Class and the Settlement in the Notice, as set forth herein;

(g) Direct that Class Members will be notified of the terms of the proposed Settlement by mailing of the Notice to Class Members by the Class Administrator by first-class mail, postage prepaid, to their last known addresses as indicated in RICK CASE's records, by a date certain. Such date shall be at least 45 days prior to the Approval Hearing;

(h) Set the Approval Hearing to accomplish, among other things:

(i) Review and determine the merits of any objections to the Settlement;

(ii) Determine whether to approve in final this Settlement Agreement, pursuant to Fed. R. Civ. P. 23, as fair, reasonable, adequate, and in the best interests of the Class and authorize all acts necessary to consummate and effectuate the terms and conditions of this Settlement Agreement;

(iii) Determine whether the Court should enter a Final Approval Order in substantially the form attached as Exhibit C approving the Settlement in final and dismissing the Action with prejudice;

(iv) Determine the reasonable attorney's fees and costs of Class Counsel to be paid from the Settlement Fund; and

(v) Determine such other matters as the Court may deem necessary and appropriate.

2.3 Preparation of Class List. RICK CASE shall prepare the Class List in Excel worksheet format and shall provide the name, last known mailing and email addresses, account numbers, and account balances, for all Class Members not otherwise excluded to the Class Administrator and Class Counsel. As to each Class Member, the Class List shall provide the MVAL sustained by the Class Member. The Parties acknowledge that the Class List contains confidential information which may not be disseminated to anyone other than the Class Administrator and Class Counsel. Within ten (10) days of entry of the Final Order, RICK CASE shall provide the Class List data to the Class Administrator and Class Counsel. The Settlement Administrator will process the last known mailing and email addresses through the National Change of Address database, as well as a service such as Probe 260 or Lexis/Nexis Accurint to update address data. The costs for such address updating shall be included in the costs of Settlement Administration and thus shall be deducted from the Settlement Fund prior to calculation of the Net Settlement Fund or any Settlement Check.

2.4 Proof of Notice to Class Members. At least ten (10) days prior to the Approval Hearing, after mailing, the Settlement Administrator, through Class Counsel, shall file with the Court a notice of transmission of the Notice to the Class Members by US Mail and email, detailing the number of Class Notices sent to the Class Members, and identifying the number of persons who timely filed a written request for exclusion from the Settlement pursuant to Section 3.1, infra.

**3. Objections and Exclusions.**

3.1 Exclusion and Objection Rights. As set forth in the Notice to Class Members:

(a) Any Class Member may be excluded from the Class by filing with the Court and serving counsel for RICK CASE and the Class Representative (all identified below) a written request for exclusion, which request for exclusion will contain the Class Member's name, current address, the name and caption of this Action and signature. The written request for exclusion must be served and filed no later than twenty (20) days before the date of the Approval Hearing to be effective. A Class Member may opt-out on an individual basis only. So-called "mass" or "class" opt-outs, whether filed by third parties on behalf of a "mass" or "class" of Class Members or multiple Class Members where no personal statement has been signed by each and every individual Class Member, shall not be allowed.

(b) Any Class Member that chooses not to submit a written request for exclusion may, if he or she desires, object to the Settlement by filing with the Court and serving on counsel for RICK CASE and the Class Representative a written objection containing the Class Member's name, current address, and the name and caption of this Action. The written objection must be filed with the Court and served on counsel no later than twenty (20) days before the date of the Approval Hearing.

(c) Any Class Member who has timely filed and served a written objection to the Settlement may enter an appearance at the Final Approval Hearing, either personally or through counsel; and

(d) All proceedings, orders and judgments, including the Final Approval Order entered in the Action, whether favorable or unfavorable to the Class Members, will be binding on all Class Members who have not validly excluded themselves from the Class, even if such Class Members have objected to the Settlement. Additionally, the Releases and Covenants Not to Sue contained in Section 4 of this Settlement Agreement will be binding on all Class Members who have not validly excluded themselves from the Class, even if such Class Members have objected to the Settlement.

3.2 Requests for Exclusion. Any Class Member who does not timely file an effective written request for exclusion in accordance with Section 3.1(a) shall be bound by all proceedings, orders, and judgments in the Action, including the Final Approval Order, even if such Class Member has pending, or subsequently initiates, litigation against RICK CASE or any other Released Person relating to the Released Claims. A Class Member who chooses to be excluded from the Class will be excluded from the Class and therefore will be excluded from participation in the Settlement and, accordingly, will not be entitled to receive the Settlement Benefits for the Class.

3.3 Objections to Settlement. Any Class Member who has not filed a written request for exclusion from the Class and who wishes to object to the fairness, reasonableness or adequacy of this Settlement Agreement, the proposed Settlement or the amount of Attorneys' Fees and Expenses, must file with the Court and serve on counsel for RICK CASE and the Class Representative, within the time noted above, a written statement of their objection, stating the specific reason(s), if any, for each objection, including any legal support the Class Member wishes to bring to the Court's attention and proffering any evidence the Class Member wishes to introduce in support of their objection. Class Members may object either on their own or through an attorney hired at their own expense. If a Class Member hires an attorney to represent him or her, the attorney must:

(a) File a notice of appearance with the Court no later than twenty (20) days prior to the date of the Approval Hearing; and

(b) Serve a copy of such notice of appearance on counsel for RICK CASE and the Class Representative.

Any Class Member who fails to comply with the provisions for objecting to the Settlement shall waive and forfeit any and all rights he or she may have to appear separately and/or to object, and shall be bound by all the terms of this Settlement Agreement and by all proceedings, orders and judgments in the Action, including the Final Approval Order.

Under no circumstances shall RICK CASE, Class Counsel, the Class Representative, or the Released Persons be responsible for paying any monies or other consideration to objectors and/or counsel for objectors under the terms of this Settlement Agreement or otherwise.

3.4 Blow-out Provision. The Parties agree that if more than 5% of Class Members opt-out, the Parties will have 21 days to determine whether to withdraw from the Settlement. The Parties agree that if any Party withdraws from the Settlement under the foregoing terms and conditions or the Class Settlement is not approved by the Court, this Settlement Agreement shall be null and void, and any order or judgment entered by the Court to further this Settlement shall be vacated nunc pro tunc, and that RICK CASE shall have the right to contest the certification of a class and that this Settlement Agreement may not be used as evidence or otherwise be used in any court filing or proceeding.

**4. Effect of Entry of Final Approval Order.**

4.1 Release and Covenant Not to Sue. In consideration of the Class Settlement, the Class Representative and Class Members, on behalf of themselves and any other legal or natural persons who may claim by, through or under them, hereby agree that upon entry of a Final Approval Order they shall fully, finally and forever release, relinquish, remise, acquit, satisfy, waive, discharge, and hold harmless RICK CASE and all other Released Persons from the "**Released Claims**."

4.2 For this purpose, "**Released Claims**" means any and all actual or potential claims, counterclaims, actions, demands, rights, losses, obligations, liabilities, damages, attorneys' fees, expenses, costs, and causes of action, whether arising under federal, state, or local law, whether by statute, contract, common law, equity, rule, regulation or otherwise, whether brought in an individual, representative or any other capacity, whether involving legal, equitable, injunctive, declarative, or any other type of relief (including, without limitation, indemnification or contribution), whether accrued or not, known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, for actions, omissions, inactions, or conduct that occurred on or before the date of the Preliminary Order, provided that they:

4.2.1 Were asserted or could have been asserted in the Class Action, or that arise out of, relate to, or are based upon, or relate in any way to any of the allegations, acts, omissions, facts, matters, transactions, or occurrences that were alleged, asserted, or set forth in the Complaint; or

4.2.2 Arise out of, relate in any way to, are based on, or have any connection with: (1) the selection, monitoring, oversight, retention, compensation, fees, expenses or performance of any of the Plan's former or current investment options (including without limitation any advice provided in connection with the Plan's former or current investment options); (2) the selection, monitoring, oversight or cost of the share classes of the Plan's former or current investment options; (3) the selection, monitoring, oversight, retention, fees, expenses, compensation, or performance of the Plan's former or current recordkeepers or service providers; (4) the selection, nomination, appointment, compensation,

retention, monitoring, and removal of the Plan's former or current fiduciaries; (5) the fees, costs, or expenses charged to, paid, or reimbursed by the Plan, or any Class Member; (6) the services currently or formerly provided to the Plan or the cost of those services; (7) the disclosures or alleged failures to disclose information to the Plan's participants; (8) the restructuring or modification of the Plan's investment lineup; (9) any alleged breach of the duty of loyalty, care, prudence, diversification, or any other fiduciary duties relating to the Plan, including the Plan's investment options, services, recordkeepers, or service providers or associated fees, expenses, costs, or use of Plan assets or use of participant data; (10) the management, oversight, or administration of the Plan or its fiduciaries; (11) any self-dealing or prohibited transactions related to the Plan, including Plan administration, the Plan's former or current investment options, recordkeepers, or service providers, or any alleged breach of the duty of loyalty, care, or prudence; and (12) the market value adjustment assessed as part of the recordkeeper transition as set forth in the Complaint; or

4.2.3 Would be barred by the principles of res judicata or collateral estoppel based on entry of the Final Order or had the claims asserted been fully litigated and resulted in a Final judgment; or

4.2.4 Relate to any tax liability, and associated penalties and interest, related in any way to payments under the Settlement Agreement; or

4.2.5 Relate to the direction to calculate, the calculation of, and/or the method or manner of allocation of the Qualified Settlement Account pursuant to the

Plan of Allocation (including allocations to the Plan or any member of the Class and payment of Attorneys' Fees and expenses from the Qualified Settlement Fund).

4.2.6 "**Released Claims**" specifically exclude (a) those claims not related to 4.2.1 – 4.2.5 above; (b) claims of individual denial of benefits from the Plan under 29 U.S.C. § 1132(a)(1)(B) that do not fall within any of the categories identified in Paragraphs 4.2.1 – 4.2.5; (c) labor or employment claims unrelated to the Plan; and (d) claims under ERISA that arise outside of the context of the 401(k) Plan, including welfare benefit claims.

4.3 Release Covers Fees and Costs. Except as otherwise expressly provided herein, and without in any way limiting the scope of the foregoing Release and Covenant Not to Sue, the foregoing Release and Covenant Not to Sue covers, without limitation, any and all claims for attorneys' fees, expenses, costs or disbursements incurred by Class Counsel and any other counsel representing the Class Representative or Class Members, or by the Class Representative or the Class Members, or any of them, in connection with or related in any manner to the Action, the litigation of this Action, this Settlement Agreement, the Settlement and/or the administration of such Settlement.

4.4 Subsequent Discovery of Facts. In connection with this Release and Covenant Not to Sue, the Class Representative and the Class Members acknowledge that they are aware that they may hereafter discover facts, actions, claims and causes of action, presently unknown or unsuspected, or facts in addition to or different from those which they now know or believe to be true with respect to the matters released herein. Nevertheless, it is the intent and purpose of this Settlement Agreement and the Class Representative and Class Members each expressly acknowledge, that the Release and Covenant Not to Sue is intended to and does release, discharge and extinguish the Released Claims and all such matters, and all actions, causes, causes of action and claims relating thereto, which exist, or might have existed (whether or not previously or currently asserted in any action). The Release and Covenant Not to Sue shall remain in full force and effect despite any discovery by the Class Representative or Class Members of new or additional facts, actions, claims and/or causes of action, and the Class Representative and Class Members expressly assume the risk that there may be facts that turn out to be different from what is presently known or believed.

4.5 Waiver. The Class Representative and Class Members expressly understand that certain federal or state laws, rights, rules, or legal principles, which may be or become applicable, may require different or additional modifications than those agreed to herein. The Class Representative and Class Members hereby agree that the provisions of such laws are hereby knowingly and voluntarily forever waived and relinquished by the Class Representative and Class Members, and the Class Representative and Class Members hereby agree and acknowledge that this is an essential term of this Settlement Agreement.

4.6 Final Resolution. Nothing in this section is intended to limit the generality of the Release and Covenant Not to Sue set forth above. It is the purpose and intent of this Settlement Agreement that all claims, actions and causes of action by the Class Representative and Class Members, as set forth in the Complaint and/or any claims relating in any way to the events which are the subject matter of the Action, shall forever be barred. The doctrines of res judicata and collateral estoppel shall apply to all Class Members with respect to all issues of law and fact and matters of relief within the scope of all filed complaints in this Action, the Released Claims, and this Settlement Agreement. If a Person seeks, in a separate action or proceeding, relief that would be inconsistent with the terms of this Settlement Agreement, RICK CASE or any Released Party may, by affidavit or otherwise in writing, advise the other Parties and the Court, or other forum in which such action or proceeding is brought, that such relief in that action or proceeding is unwarranted. If requested by RICK CASE or any Released Party, the Class Representative or Class Counsel shall also advise the Court, or other forum in which such action or proceeding is brought, in writing, that such relief in that action or proceeding is unwarranted. Provided that, since this Settlement Agreement provides for review by the Court, any of the Parties hereto may recommend that matters raised in such separate action or proceeding should be submitted to the Court for resolution under the terms of this Settlement Agreement.

4.7 Failure to Receive Notice. The failure of any Class Member to receive Notice or any other document, as described in this Settlement Agreement, shall not be a basis for invalidating the Settlement, this Settlement Agreement, any order entered pursuant thereto, or any of the exhibits or documents referenced herein and/or attached hereto, and the Settlement shall, nevertheless, be binding, and the Final Approval Order effective in accordance with its terms.

4.8 Bar Order and Permanent Injunction. On the Final Effective Date, RICK CASE shall be entitled to entry of a permanent injunction (a "**Bar Order**") barring and enjoining each Class Member and any person or entity acting on behalf of, in concert with, or claiming through any Class Member, from (a) commencing, prosecuting, or asserting any Released Claim against any Released Person in any forum, and (b) commencing, prosecuting, or asserting any claim against any Released Person for contribution, indemnity, or other relief arising from or related to the Released Claims. The Bar Order shall be a material term of this Settlement Agreement and a condition of RICK CASE's agreement to the Settlement.

4.9 Final Approval Order. After the Notice is disseminated and at least fifteen (15) days prior to the Approval Hearing, Plaintiff shall request and seek to obtain from the Court a Final Order and Final Judgment, which will (among other things):

(i) find that the Court has personal jurisdiction over all Class Members and that the Court has subject-matter jurisdiction to approve the Agreement, including all exhibits hereto;

(ii) approve the Settlement Agreement and the proposed Settlement as fair, reasonable, and adequate as to, and in the best interests of, Class Members;

direct the Parties and their counsel to implement and consummate the Agreement according to its terms and provisions; and declare the Agreement to be binding on, and have preclusive effect on all pending and future lawsuits or other proceedings maintained by or on behalf of Class Representative and the Releasing Parties;

(iii) find that the Notice and the Notice Plan implemented pursuant to the Agreement: (1) constitute the best practicable notice under the circumstances; (2) constitute notice that is reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Litigation, their right to object to or exclude themselves from the proposed Settlement, and to appear at the Final Approval Hearing; (3) are reasonable and constitute due, adequate, and sufficient notice to all Persons entitled to receive notice; and (4) meet all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution, and the rules of the Court;

(iv) dismiss the Action (including all individual claims and Class Member claims asserted therein) on the merits and with prejudice, without fees or costs to any Party, except as provided in the Settlement Agreement; incorporate the Releases set forth above in Section 4, make those Releases effective as of the date of the Final Approval Order and Judgment; and

(v) forever discharge the Released Parties as set forth herein; permanently bar and enjoin all Class Members from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in, any lawsuit or other action in any jurisdiction related to the Released Claims.

**5. Attorney's Fees and Litigation Expenses to Class Counsel.**

5.1 General. Class Counsel shall be paid reasonable attorney's fees under the Common Fund/Common Benefit Doctrine ("**Attorney Fee Award**"), in addition to court costs, and travel expenses ("**Litigation Expense Reimbursement**") from the Settlement Fund, subject to Court approval. RICK CASE recognizes that the efforts of Class Counsel will benefit the Class and shall not object to any request by Class Counsel for an Attorney Fee Award that does not exceed twenty five percent (25%) of Settlement Fund. Under no circumstances shall RICK CASE or any Released Party be obligated to pay any attorneys' fees, costs, or expenses in excess of or in addition to the Settlement Fund.

5.2 Payment. The Attorney Fee Award and Litigation Expense Reimbursement to Class Counsel shall be paid to Class Counsel from the Settlement Fund by wire to Class Counsel by the Settlement Administrator upon entry of the Final Approval Order. The inability to deliver a check to a Class Member shall not defeat the entitlement to fees and costs of Class Counsel on account of that Class Member's recovery. Class Counsel shall each provide a form W-9 to RICK CASE, or its insurer, and the Settlement Administrator prior to having the Settlement Administrator issue the award.

5.3 RICK CASE shall have no liability or other responsibility for the allocation of the attorneys' fees and expenses among and between Class Counsel, and any other counsel for Class Representative or Class Members. In the event that any dispute arises relating to the allocation of the attorney's fees and expenses, then Class Counsel and Class Representative agree that they are barred from suing or asserting any claim against RICK CASE, and/or the Released Parties, related to or arising out of, in any way, the Settlement Fund, Attorney Fees Award or Litigation Expense Reimbursement.

5.4 RICK CASE's payment of the Attorney Fee Award with Litigation Expense Reimbursement, through the Settlement Fund, as described in this Settlement Agreement, shall constitute full satisfaction of RICK CASE's and/or the Released Parties' alleged obligation to pay any person, attorney, or law firm, for attorneys' fees, costs and expenses incurred on behalf of the Class Representative and the Class Members, and shall relieve RICK CASE and the Released Parties from any other claims or liability to pay any other attorney or law firm or person for any attorneys' fees, expenses and costs to which any person may claim to be entitled related to the Released Claims.

5.5 The Parties understand that Class Counsel intends to apply for an Attorney Fee Award and Litigation Expense Reimbursement from the Settlement Fund. The application for the Attorney Fee Award and Litigation Expense Reimbursement shall be considered by the Court independently of the approval of the Settlement and is not a condition of the Settlement. In the event that the Court (or the appellate court) awards less than the requested amount for an Attorney Fee Award and Litigation Expense Reimbursement, only the finally approved amounts shall be paid and shall constitute full satisfaction of the obligation of this section.

**6. Settlement Administration.**

6.1 General. Class Counsel shall enter into a contract with the Settlement Administrator through which all costs of settlement administration, distribution and class notice, shall be paid from the Settlement Fund ("**Settlement Administration Expense**") prior to calculation of the Net Settlement Fund. The Settlement Administrator shall be responsible for providing notice to the Settlement Class, updating the Class List, skip tracing, transmitting settlement papers, issuing payment checks, and all other tasks

necessary and proper for the administration of the Settlement. The Notice shall inform the Class Members of the anticipated Settlement Administration Expense.

6.2 Deposit of Settlement Fund. The Settlement Fund shall be deposited with the Settlement Administrator by RICK CASE within ten (10) days after entry of the Final Order. The Settlement Administrator is authorized to draw on the Settlement Fund to pay for the Settlement Administration Expense upon notice to the Parties.

6.3 Limitation. Settlement Administration Expenses do not include any attorneys' fees, expenses, costs or disbursements incurred by Class Counsel and/or any other counsel representing the Class Representative or Class Members, or by the Class Representative or the Class Members, or any of them, in connection with or related in any manner to this Settlement Agreement, the Settlement and/or the administration of such Settlement, except as provided for herein.

6.4 Confidentiality Agreement. The Settlement Administrator may be required to sign a non-disclosure and confidentiality agreement which shall provide that the information provided to it by RICK CASE and the Class Members shall be treated as confidential and shall be used only as required by this Settlement Agreement. Any such confidentiality agreement shall include a requirement that the Settlement Administrator advise RICK CASE of any data breach in a form acceptable to both Parties. The Class List containing the names, addresses and other identifying information shall not be filed with the Court, except as provided herein.

6.5 The Settlement Administrator will facilitate the Notice process by assisting the Parties in the implementation of the Notice Plan.

6.6 Class Settlement Website.

(i) The Settlement Administrator will create and maintain the Class Settlement Website, to be activated within thirty (30) days after Preliminary Approval. The Settlement Administrator's responsibilities will also include securing an appropriate URL to be agreed upon by the Parties. The Class Settlement Website will contain information about the Settlement and case-related documents such as the Settlement Agreement, the Notice in the form attached hereto as Exhibit B, subject to Court modification and/or approval, the Preliminary Approval Order, Class Counsel's application for a Fee Award, and the Complaint.

(ii) The Class Settlement Website will terminate (be removed from the internet) and no longer be maintained by the Settlement Administrator thirty (30) days after either (a) the Effective Date or (b) the date on which the Settlement Agreement is terminated or otherwise not approved in full, if the Settlement is terminated or otherwise not approved in full.

(iii) All costs and expenses related to the Class Settlement Website shall be paid out of the Settlement Fund and Defendant shall have no obligation to pay any additional money for expenses related to the Class Settlement Website.

6.7 Notice Plan.

(i) The Notice Plan as set forth in this Section 6.7 shall conform to all applicable requirements of the Federal Rules of Civil Procedure, the U.S. Constitution (including the Due Process Clauses), and any other applicable law, and shall otherwise be in the manner and form agreed upon by the Parties and approved by the Court.

(ii) The Settlement Administrator will use customary procedures including, third party services, to identify mailing and email addresses for Settlement Class Members.

(iii) The Parties shall send the Settlement Administrator a list that includes the Class Settlement Class Members' names (where known), last known addresses (where known), and personal email addresses (where known) within fourteen (14) days after the Court enters the Preliminary Approval Order. The list shall be maintained by all Parties and the Settlement Administrator as confidential and used only for effectuating notice and for no other purpose. Subject to Court approval, within thirty (30) days after the Court enters the Preliminary Approval Order, the Settlement Administrator shall send direct notice substantially in the form of the Notice in Exhibit B, as modified and/or approved by the Court, via U.S. Postal Service to any Settlement Class Member for which a mailing address is identified and/or by email to any Settlement Class Member for which an email address is identified. The Settlement Administrator will use customary procedures, including third party services, to identify mailing addresses and email addresses for Settlement Class Members, including alternate mailing addresses for any Settlement Class Members for whom a mailed notice is returned as undeliverable to promptly remail notice to them. The Settlement Administrator will also use customary procedures, including a search of the United States Postal Service's National Change of Address database, to update Settlement Class Members' addresses.

**7. Issuance of Settlement Benefits to Class Members**

7.1 Payment of Settlement Checks to Participating Class Members. Within thirty (30) days after the Final Effective Date, the Class Administrator shall mail a Settlement Check from the Settlement Fund to each Participating Class Member at the best available address of the Participating Class Member, as described above. The Settlement Administrator shall issue a Form 1099-MISC tax report to all Participating Class Members who received payment through a Settlement Check in excess of the applicable reporting threshold ("**Reporting Threshold**")[1]. In the event the Settlement Checks exceed Reporting Threshold, in order to accomplish issuance of a 1099-MISC, RICK CASE shall provide, solely to the Settlement Administrator, the social security number of each Participating Class Member based on the information currently existing in the business records of RICK CASE, after RICK CASE is provided with the executed confidentiality agreement from the Settlement Administrator as provided in Section 6.4 above.

7.2 Limitation Period for Negotiation of Settlement Check. The Class Members shall have ninety (90) days from the date of issuance of the Settlement Check to present such Settlement Check for payment ("**Settlement Check Expiration Date**"). After the Settlement Check Expiration Date, such Settlement Check shall be void, and of no further force and effect, and the Parties shall have no obligation to honor or reissue any further Settlement Check that is not presented for payment within said ninety (90) day period. Within ten (10) days after the Settlement Check Expiration Date, the Settlement Administrator shall notify Class Counsel and RICK CASE's counsel in writing of the number of Class Members, the number of Class Members sent checks, the number of Class

[1] Under Section 70433 of Public Law 119-21, beginning January 1, 2026, the Reporting Threshold increased from $600 to $2,000.

Members who did not cash the checks, the total dollar amount of the checks distributed, the total dollar amount of the uncashed checks, and the remaining balance of the Settlement Fund, accounting for interest (if any), bank fees, and similar expenses of the administration (“**Interim Distribution Report**”).

7.3 Cy Pres Award. Within thirty (30) days of the Interim Distribution Report, all remaining sums shall be paid from the Settlement Fund as a Cy Pres award as provided in Section 1.1(c) above, subject to Court approval. The Cy Pres award shall be delivered to the Cy Pres Recipient by Class Counsel.

7.4 Certification of Distribution. Within twenty (20) days after the final distribution of all portions of the Settlement Fund, the Settlement Administrator shall provide to Class Counsel and RICK CASE’s counsel a declaration attesting to the Court that the distributions provided for by this Settlement Agreement have all been timely made and all funds fully and properly distributed and shall serve a copy on RICK CASE’s counsel (“**Final Distribution Report**”). The Final Distribution Report shall be filed with the Court by Class Counsel.

**8. Additional Terms**

8.1 Strict Performance; No Waiver. Any failure by any of the Parties to insist upon the strict performance by any of the other Parties of any of the provisions of this Settlement Agreement shall not be deemed a waiver of any of the provisions of this Settlement Agreement, and such Party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Settlement Agreement.

8.2 Best Efforts. The Parties shall cooperate fully with each other and shall use their best efforts to obtain Court approval of this Settlement Agreement, and all of its terms and conditions in accordance thereto.

8.3 Arm's-Length Transaction. The Parties have negotiated all the terms and conditions of this Settlement Agreement at arm's-length. The exact wording, language, form and structure of the exhibits also have been negotiated at arm's-length. All terms, conditions, and exhibits in their exact form are material to this Settlement Agreement and have been relied upon by the Parties in entering into this Settlement Agreement.

8.4 Joint Participation. Each Party participated jointly in the drafting of this Settlement Agreement, and therefore the terms of this Settlement Agreement are not intended to be construed against any Party by virtue of draftsmanship.

8.5 Counterparts. This Settlement Agreement may be executed in several counterparts and delivered by facsimile or as a pdf attachment to an e-mail, each of which shall constitute an original and all of which together shall constitute one and the same instrument.

8.6 Beneficiaries/Successors. This Settlement Agreement, and the Settlement contemplated herein, shall inure to the benefit of the Released Persons, as well as the Parties. The Parties each acknowledge that this Settlement Agreement is being entered into for the benefit, among others, of the other above-referenced Released Persons, and agree that the provisions of this Settlement Agreement may be enforced and relied upon by the Released Persons in their own right without the aid or participation of RICK CASE, or any other signatory to this Settlement Agreement. The Released Persons are intended third-party beneficiaries of this Settlement Agreement. This Settlement Agreement shall be

binding upon, and inure to the benefit of, the respective heirs, successors, and assigns of the Parties.

8.7 No Other Third-Party Beneficiaries. Except as set forth in the preceding section, this Settlement Agreement shall not be construed to create rights in, or to grant remedies to, or delegate any duty, obligation or undertaking established herein, to any third-party as a beneficiary to this Settlement Agreement.

8.8 Further Acts. Each of the Parties, upon the request of any other of the Parties hereto, agrees to perform such further acts and to execute and deliver such other documents as are reasonably necessary to carry out the provisions of this Settlement Agreement.

8.9 Captions. The captions or headings of the sections and paragraphs of this Settlement Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Settlement Agreement.

8.10 Notice. Except as otherwise set forth herein, whenever this Settlement Agreement requires or contemplates that the Parties, or any of them, shall or may give notice to the other, notice shall be provided as follows:

(a) If to the Class Representative or Class Members, then to Robert W. Murphy, Esq., 440 Premier Circle, Suite 240, Charlottesville, Virginia 22901; and Walter J. Mathews, Esq., 219 Davie Blvd., Fort Lauderdale, Florida 33315.

(b) If to RICK CASE, then to: Andrew M. Gordon, Esq., and Lauren D. Swanson, Esq., Hinshaw & Culbertson LLP, 201 E. Las Olas Blvd., Suite 1450, Fort Lauderdale, Florida 33301; and James Harbert, Esq. and Anthony E. Antognoli, Esq., Hinshaw & Culbertson LLP, 151 N. Franklin Street, Suite 2500, Chicago, Illinois 60606.

8.11 Computation of Time. All time periods set forth herein shall be computed in calendar days, unless otherwise expressly provided. In computing any period of time prescribed or allowed by this Settlement Agreement or by order of Court, the day of the act, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday or a legal holiday, or, when the act to be done is the filing of a paper in court, a day in which weather or other conditions have made the office of the Clerk of the Court inaccessible, in which event the period shall run until the end of the next day that is not one of the aforementioned days. Each of the Parties reserves the right, subject to the Court's approval, to seek any reasonable extensions of time that might be necessary to carry out any of the provisions of this Settlement Agreement, and to modify or supplement any notice contemplated hereunder.

8.12 Entire Agreement, Waiver, Modification, Amendment. No representations, warranties, or inducements have been made to any of the Parties to this Settlement Agreement, other than those representations, warranties, and covenants expressly set forth in this Settlement Agreement. This Settlement Agreement, and the exhibits attached hereto, constitute the entire agreement between the Parties with regard to the subject matter contained herein, and all prior negotiations and understandings between the Parties shall be deemed merged into this Settlement Agreement. No waiver, modification, or amendment of the terms of this Settlement Agreement, other than extensions of time agreed to by the Parties, made before or after the Court's approval of this Settlement Agreement, shall be valid or binding unless in writing, signed by all Parties, and then only to the extent set forth in such written waiver, modification, or amendment. Unless the Court orders that such a

waiver, modification, or amendment of the terms of this Settlement Agreement materially affects the rights of the Settlement Class Members, no subsequent notice shall be required.

8.13 Settlement Not Evidence. This Settlement Agreement (whether or not the Settlement Agreement receives final approval), all exhibits, documents or instruments delivered pursuant to this Settlement Agreement, all statements, transactions or proceedings in connection with the negotiation, execution or implementation of this Settlement Agreement, are not intended to be and shall not be construed as or deemed to be evidence of any admission or concession by RICK CASE of any liability or wrongdoing or of the truth of any allegations in any complaint, and none of them shall be admissible in evidence for any such purpose in this or any other proceeding. The limitations set forth in this paragraph do not apply to use and/or disclosure by RICK CASE or the Released Parties against the Class Members or third parties, including, without limitation, for purposes of supporting a defense, counterclaim, or claim of res judicata, collateral estoppel, release, good faith settlement, judgment bar, offset or reduction or any other theory or claim of issue preclusion or similar defense, counterclaim or claim. Whether or not the Settlement Agreement is finally approved by the Court, the Parties agree that the Settlement Agreement and exhibits shall not constitute evidence of the propriety of class certification for the purpose of litigation or for trial in this or any other case.

8.14 Attorneys Consulted. The Parties have fully discussed the terms of and meaning of the signing of this Settlement Agreement with their respective attorneys and fully understand all of the provisions and effects of this Settlement Agreement.

8.15 Force Majeure. No Party shall be responsible for any delay or failure in performing any part of this Agreement when it is caused by fire, flood, explosion,

epidemic, pandemic, war, strike, embargo, government requirement, civil or military authority, act of God, act or omission of carriers or other similar causes beyond its control (collectively called "**Condition**"). If any such Condition occurs, the party delayed or unable to perform shall give immediate notice to the other party.

8.16 Waivers. The waiver by one Party of any provisions or breach of this Agreement shall not be deemed a waiver of any other provision or breach of this Agreement.

8.17 Defensive Use. Notwithstanding any other provision of this Settlement Agreement, RICK CASE and the Released Parties shall be entitled to file this Settlement Agreement, the Final Approval Order, and the Final Judgment in any action or proceeding that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

8.18 Governing Law. This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of Florida, without regard to its conflict of laws principles, except to the extent that federal law, including ERISA, applies.

8.19 Jurisdiction and Venue. The Court shall retain exclusive and continuing jurisdiction over the Parties, the Class Members, and this Settlement Agreement for purposes of enforcing, implementing, and interpreting this Settlement Agreement. Any disputes arising out of or relating to this Settlement Agreement shall be brought exclusively before the Court.

8.20 Execution. The parties may sign this Agreement electronically using a recognized platform such as DocuSign.

8.21 Conditional Establishment of Settlement Class. Defendant does not consent to certification of the Class for any purpose other than to effectuate the Settlement. If the Court does not enter a Final Approval Order approving the Settlement, or if for any other reason final approval of the Settlement does not occur, is successfully objected to, or successfully challenged on appeal, any certification of any Class will be vacated and the Parties will be returned to their positions with respect to the Litigation as if the Agreement had not been entered into. In the event that the final approval of the Settlement is not achieved: (a) any court orders preliminarily or finally approving the certification of any Class contemplated by this Agreement shall be null, void, and vacated, and shall not be used or cited thereafter by any person or entity; and (b) the fact of the settlement reflected in this Agreement, that Defendant did not oppose the certification of a Class under this Agreement, or that the Court preliminarily approved the certification of a Class, shall not be used or cited thereafter by any person or entity, including in any manner whatsoever, including without limitation any contested proceeding relating to the certification of any class or in any request for class certification in the present litigation or any other proceeding.

***Remainder of Page Intentionally Left Blank; Signature Page to Follow***

**Defendants:**

**RICK CASE ENTERPRISES, INC.**

DocuSigned by: Brian Bentz 29D70C86D0F642A...

By:________________________________

Printed Name: Brian Bentz

Title: CFO

Dated: 10/9/2026

**RICK CASE ENTERPRISES, INC. 401(K) PLAN**

Signed by: DARREN STOKES FBAC1FA1DBA24CE...

By:________________________________

Printed Name: DARREN STOKES

Title: VP HR

Dated: 10/9/2026

DocuSigned by: Rita Case D02FC94C5CF9488...

________________________________

**RITA CASE**

Dated: 10/9/2026

Signed by: DARREN STOKES FBAC1FA1DBA24CE...

________________________________

**DARREN W. STOKES**

Dated: 10/9/2026

**Plaintiff:**

Signed by: 9DC418E5A9EB4BC...

________________________________

**ROMEO HEBERT**

Dated: 10/10/2026

**Class Counsel:**

ROBERT W. MURPHY, ESQ.
440 Premier Circle, Suite 240
Charlottesville, VA 22901

DocuSigned by: Robert W. Murphy 9A1EF0578FDA413...

By:________________________________

Robert W. Murphy, Esq.
Florida Bar No.: 717223

Dated: 10/10/2026

WALTER J. MATHEWS, P.A.
3219 Davie Blvd.
Fort Lauderdale, FL 32215

DocuSigned by: Walter Mathews DF5546A51B1A444...

By:________________________________

Walter J. Mathews, Esq.
Florida Bar No.: 174319

Dated: 10/11/2026

**Counsel for Defendants:**

HINSHAW & CULBERTSON LLP
201 East Las Olas Blvd., Suite 1450
Ft. Lauderdale, FL 33301

By: Signed by: Andrew Gordon
6D51BFC65DFA4CD...
Andrew M. Gordon
Florida Bar No.: 68886

Dated: 10/6/2026

By: Signed by: Lauren Swanson
EA5B5B656D5740B...
Lauren D. Swanson
Florida Bar No.: 1011451

Dated: 10/6/2026

HINSHAW & CULBERTSON LLP
151 North Franklin Street, Suite 2500
Chicago, IL 60606

By: Signed by: James Harbert
1D03E5B6D5E64BB...
James Harbert, Esq.
Illinois Bar No.: 3128432

Dated: 10/6/2026

By: Signed by: Anthony Antognoli
A6C5E5EFA293413...
Anthony E. Antognoli, Esq.
Illinois Bar No.: 6271873

Dated: 10/6/2026

# EXHIBIT A

Preliminary Approval Order

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

ROMEO HEBERT, *individually and as representative of a class of similarly situated persons on behalf of the* RICK CASE ENTERPRISES, INC. 401(K) PLAN,

Plaintiff,

v.

RICK CASE ENTERPRISES, INC. 401(K) PLAN, RITA M. CASE, DARREN W. STOKES, JOHN DOE DIRECTORS 1-10, JOHN DOE COMMITTEE MEMBERS 1-10 RICK CASE ENTERPRISES, INC., *et al.*

Defendants.

**Case No. 25-62255-CIV-SINGHAL**

**ORDER PRELIMINARILY APPROVING SETTLEMENT PROPOSAL, CONDITIONALLY CERTIFYING THE SETTLEMENT CLASS, CONDITIONALLY APPOINTING SETTLEMENT CLASS COUNSEL, AND SETTLEMENT CLASS REPRESENTATIVE, PROVIDING FOR NOTICE AND ENJOINING THE PROSECUTION OF RELEASED CLAIMS.**1

Plaintiff, ROMEO HEBERT, individually and on behalf of the proposed Settlement Class[1] (the "Plaintiff" or Settlement Class Representative"), and Defendants, RICK CASE ENTERPRISES, INC., RICK CASE ENTERPRISES, INC. 401(K) PLAN, RITA M. CASE, DARREN W. STOKES, JOHN DOE DIRECTORS 1-10, and JOHN DOE COMMITTEE MEMBERS 1-10 (hereinafter collectively "Settling Defendants"), jointly move the Court for an order granting preliminary approval of the settlement proposal as detailed in the Class Action Settlement Agreement (the "Agreement" or "Settlement Agreement"), preliminarily and conditionally granting certification of a class action against Settling Defendants, conditionally

[1] All defined terms contained herein shall have the same meanings as set forth in the Settlement Agreement. Some definitions, however, are repeated for clarity.

appointing the Settlement Class Representative and Settlement Class Counsel, providing for Class Notice and to enjoin the prosecution of Released Claims. The Court makes the following findings of fact for the purposes of the settlement currently before the Court:

A. With respect to evaluating a class settlement proposal, Rule 23, Fed. R. Civ. P., was amended in December 2018 to require that the Court consider whether a proposed class settlement is "fair, reasonable, and adequate," through an analysis of four factors: (1) the adequacy of representation by class Representative and class counsel; (2) whether settlement negotiations were at arm's length; (3) the adequacy of relief provided under the settlement; and (4) the equity of treatment of class members relative to one another. In addition, in assessing the adequacy of the proposed relief, the Court must balance the proposed relief against the costs, risks, and delay of trial and appeal, as well as consider the effectiveness of the method for distributing relief to the class, the terms of any attorneys' fees award, and any agreements made in connection with the proposal. As more detailed below, the Court finds that after considering these factors that preliminary approval of the settlement proposal is appropriate.

B. For purposes of settlement only, the Settlement Class is appropriate for treatment as a class under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure. The proposed Settlement Class is so numerous that joinder of all members is impractical. There are questions of law and fact common to the Settlement Class. The claims of the Settlement Class Representative are typical of the claims of the Settlement Class. The Settlement Class Representative have fairly and adequately represented and protected the interests of the Settlement Class. Questions of law and fact common to members of the Settlement Class predominate over questions affecting individual members.

C. Romeo Hebert is appropriate to serve as Settlement Class Representative. His counsel in this Class Action is equally appropriate to serve as Settlement Class Counsel and will fairly and adequately assert and protect the interests of the Settlement Class.

D. The Settlement Agreement is within the range of possible settlement and is fair, just and equitable and in the best interests of all parties hereto. The proposed settlement is sufficient to justify giving notice of the settlement to the Settlement Class.

E. The proposed Long Form and Short Form Notice, attached as Exhibit B to the Settlement Agreement, reasonably informs Settlement Class Members of the essential features of this Class Action, the Settlement Agreement, class certification, and their rights with respect thereto. The proposed distribution of Class Notice provides the best notice practicable under the circumstances and is reasonably calculated to communicate actual notice of the litigation and of the Settlement Agreement to the Settlement Class Members.

F. Since the Notice to be provided to Settlement Class Members provides the best notice practicable under the circumstances, it is fair and reasonable for the Settlement Agreement, if approved, to be binding on Settlement Class Members who do not actually receive notice thereof.

G. As a condition of the Settlement, the Settlement Class Representative, on behalf of himself individually and of each of the Settlement Class Members, has agreed to release all claims arising under federal, state, or common law as specified in the Settlement Agreement.

**NOW THEREFORE, IT IS HEREBY ORDERED:**

1. For purposes of settlement only, the Court has jurisdiction over the subject matter of this Class Action and personal jurisdiction over the parties and each of the Settlement Class Members.

2. The Court finds that the Settlement Class fully satisfies the relevant requirements of Rule 23. The Court preliminarily finds that: (a) the Settlement Class Members are so numerous that joinder of all Settlement Class Members in this Class Action is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of the Settlement Class Representative are typical of the claims of the Settlement Class; and (d) the Settlement Class Representative and Settlement Class Counsel fairly and adequately represent and protect the interests of all of the Settlement Class Members.

3. Pursuant to Federal Rule of Civil Procedure 23(b)(3) and solely for the purposes of settlement, this Class Action is preliminarily certified as a class action on behalf of a class consisting of:

> All participants and beneficiaries in the Rick Case Enterprises, Inc. 401(k) Plan (the "Plan") at any time during the period from December 15, 2022, through the date of entry of the Preliminary Approval Order (the "Class Period"), and who had funds invested in MassMutual SAGIC Diversified II Fund which were reduced by a market value adjustment. The "Class" shall include any beneficiary of a deceased person who was a participant in the Plan and who had funds invested in MassMutual SAGIC Diversified II Fund which were reduced by a market value adjustment

The Settlement Class does not include those persons who timely and properly opt-out of the Settlement Agreement.

4. Named Plaintiff, Romeo Hebert, is appointed Settlement Class Representative on behalf of the Settlement Class. Robert W. Murphy, Esq. and Walter J. Mathews, Esq. are appointed Settlement Class Counsel for the Settlement Class. The Court preliminarily authorizes the Settlement Agreement, which now preliminarily binds the Settlement Class, contingent only upon the final approval by the Court at the Fairness Hearing. The Settlement Class Representative and Settlement Class Counsel, on behalf of the Settlement Class, are authorized to take all appropriate

action required or permitted to be taken to effectuate the terms of the Settlement Agreement. American Legal Claim Services, LLC, 8011 Phillips Highway, Suite 5, Jacksonville, Florida 32256; Telephone: (904) 517-1442 ("Settlement Administrator"), is appointed as the Settlement Administrator for purposes of distribution of class notice, intake and processing of opt-outs and disbursement of settlement funds.

5. The Court preliminarily finds that the Settlement Agreement is fair, adequate, and reasonable to the Settlement Class.

6. The Court approves as to form and content the Short Form Class Notice set forth as Exhibit B to the Settlement Agreement, and that such Notice, including the right of a Settlement Class Member to opt out or object to the Settlement Agreement, as described in said Notice, satisfies the requirements of due process and all applicable laws.

7. The Settlement Administrator is directed to mail Notice within thirty (30) days after the entry of this Order by mailing and emailing the Short Form Class Notice to each Settlement Class Member at the best mailing and email address of the Settlement Class Member.

8. All reasonable costs incurred in providing Class Notice, as well as in administering the Settlement Agreement, shall be paid from the Settlement Fund as set forth in the Settlement Agreement.

9. The Fairness Hearing will be held before this Court on ________________, at _____ a.m./p.m. at the United States Federal Building and Courthouse, 299 E. Broward Blvd., Fort Lauderdale, Florida 33301, to determine whether the Settlement Agreement shall be finally approved as a fair and adequate settlement that is in the best interests of the Settlement Class. The application for attorneys' fees and expenses will also be heard at that time, as well as all other matters necessary to effectuate the terms of the Settlement Agreement.

10. All Class Members who wish to be excluded from the Settlement Class shall do so by informing the Claims Administrator in writing ("Opt-out Notice") by mail of their intention to opt out and providing the following information: (1) the Person's name, address, and telephone number; and (2) a statement or acknowledgment that the Person wishes to be excluded from the Settlement Class. To be effective, the Opt-out Notice must be postmarked no later than [at least 20 days prior to final approval hearing]_________, 202___. Any Putative Class Member who does not timely and validly request exclusion from the Settlement Class in the manner required by the Settlement Agreement and Notice shall be bound by all the terms of the Settlement Agreement.

11. Any Settlement Class Member who wishes to be heard orally at the Fairness Hearing or who wishes for any objection to be considered must file a written notice of objection with the Court that includes:

(a) A statement of each objection asserted;
(b) A detailed description of the facts underlying each objection;
(c) A detailed description of the legal authorities supporting each objection;
(d) A statement of whether the objector intends to appear and argue at the Fairness Hearing and, if so, how long the objector anticipates needing to present the objection;
(e) A list of witnesses whom the objector may call by live testimony, oral deposition testimony, or affidavit during the Fairness Hearing;
(f) A list of the exhibits and documents that the objector will offer during the Fairness Hearing, along with copies of such exhibits and documents;
(g) The name and contact information, if any, of counsel for the objector; and
(h) A detailed statement of any personal or financial interest of the objector or his/her counsel in the outcome of this Class Action, determination of the objection, Preliminary Settlement Approval, the Final Order, or Final Judgment.

12. Any person who wishes for any objection to be considered must file the notice of such objection or request to be heard with the Clerk of the Court, no later than [see par. 10 above] , 202__ (the "Objection Date"). Objectors who fail to properly or timely file their objections with the Court or to serve them as provided above shall not be heard during the Fairness Hearing; nor shall their objections be considered by the Court; only Settlement Class Members may object to the Settlement Agreement. Persons who opt out of the Settlement Class may not object to the Settlement Agreement or intervene in this Class Action.

13. Absent an express written agreement by Settlement Class Counsel and Settling Defendants' Counsel agreeing to discovery, any Person who desires any discovery incident to (or which the Person contends is necessary to) the approval of the Settlement Agreement must first obtain an order from this Court permitting such discovery.

14. All proceedings in this Class Action and all Released Claims, as defined in the Settlement Agreement, by or on behalf of any Settlement Class Member in any forum are hereby ordered stayed and are enjoined until the issuance of the Final Order and Final Judgment by this Court, except as may be necessary to implement the Settlement Agreement or comply with the terms of the Settlement Agreement..

15. The Court expressly retains jurisdiction and will continue to retain jurisdiction following the Final Order and Final Judgment in this Class Action so that it can enforce the Settlement Agreement, Final Order, and Final Judgment by among other things issuing injunctions in the appropriate instances against later actions filed in violation of the terms of the Settlement Agreement and this Court's Orders.

16. The Court reserves the right to adjourn or continue the date of the Fairness Hearing without further notice to Settlement Class Members and retains jurisdiction to consider all further

applications arising out of the Settlement Agreement. The Court may approve or modify the Settlement Agreement without further notice to Settlement Class Members.

17. At least (10) court days prior to the Fairness Hearing, the Settlement Administrator shall submit to the Court an affidavit attesting that the mailing and publication of the Notices has occurred in accordance with the procedures set out herein and in the Settlement Agreement.

18. Within fifteen (15) days after the Opt-Out Deadline, the Settlement Administrator will provide Settling Defendants' Counsel and Settlement Class Counsel with a complete list of all timely and valid requests for exclusion, who will submit the list to the Court within five (5) court days thereafter.

19. Settlement Class Counsel, or any other counsel or Persons who believe that they are entitled to an award of attorneys' fees or costs, are directed to file an application for attorneys' fees and costs no later than thirty-five (35) days prior to the Fairness Hearing, which date is at least fourteen (14) days before the Opt-Out Deadline and the Objection Date, so that Settlement Class Members may review the application before the deadline to object. See Fed. R. Civ. P. 23(h); Johnson v. NPAS Solutions, LLC, 975 F.3d 1244 (11th Cir. 2020). The Settlement Administrator shall post the application on the Class Settlement Website within two (2) business days after it is filed.

IT IS SO ORDERED on this ____day of _________, 2026.

______________________________
RAAG SINGHAL
United States District Judge

# EXHIBIT B

Notice of Pendency of Class Action,
Proposed Settlement and Hearing
(Long Form and Short Form)

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| ROMEO HEBERT, Individually and as representative of a class of similarly situated persons on behalf of the RICK CASE ENTERPRISES, INC. 401(K) PLAN,<br><br>Plaintiff,<br><br>v.<br><br>RICK CASE ENTERPRISES, INC., RITA M. CASE, DARREN W. STOKES, et al.,<br><br>Defendants. | **Case No. 25-62255-CIV-SINGHAL**<br><br>**CLASS ACTION** |

**NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT AND HEARING**

**YOUR UNIQUE CLASS MEMBER IDENTIFICATION NUMBER IS: XXXX**

***A FEDERAL COURT AUTHORIZED THIS NOTICE. THIS IS NOT A SOLICITATION FROM A LAWYER.***
If you are a Settlement Class Member, your legal rights are affected whether you act or do not act.

**Please Read This Notice Carefully In Its Entirety**
**Your Rights May Be Affected By The Settlement**
**Of This Lawsuit Now Pending In This Court**

**BASIC INFORMATION**

## 1. Why was this notice issued?

A court authorized this notice because you have a right to know about a Proposed Settlement of this class action lawsuit against Defendants, Rick Case Enterprises, Inc., Rita M. Case, Darren W. Stokes, the Board of Directors of Rick Case Enterprises, Inc., and the Retirement Plan Committee of Rick Case Enterprises, Inc. (collectively, the "Defendants"), and about your options before the Court decides whether to give final approval to the Proposed Settlement. This notice explains the lawsuit, the Proposed Settlement, your legal rights, what benefits will be provided, and who will receive them. This case is currently pending in the United States District Court for the Southern

District of Florida and is known as *Romeo Hebert v. Rick Case Enterprises, Inc., et. al.* Case No. 25-62255-cv-SINGHAL (the "Action").

## 2. What is this lawsuit about?

In this lawsuit, Romeo Hebert (hereinafter "Class Representative" or "Named Plaintiff") alleged that Defendants breached their fiduciary duties under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq*. to the participants and beneficiaries of the Rick Case Enterprises, Inc. 401(K) Plan, resulting in monetary loss to members of the Class.

Defendants deny all claims and maintain they did not act wrongfully or unlawfully. Defendants contend that the claims of the Class Representatives have no merit and that, if the lawsuit proceeded, Defendants would prevail at trial. Defendant denies each and every allegation of wrongdoing, liability and damages that were or could have been asserted in the litigation, and that the claims in the litigation would be appropriate for class treatment if the litigation were to proceed through trial.

## 3. Why is this a class action?

In a class action, one person called the "Class Representative" (in this case, Romeo Hebert) sues on behalf of itself and other entities and people with similar claims. The parties have agreed, and the Court has ordered that, for settlement purposes only, this lawsuit may be maintained as a class action under Rule 23, Federal Rules of Civil Procedure, subject to final approval at the conclusion of the settlement process. All of the people who have claims similar to the Plaintiff's claims are members of the Settlement Class, except for those which exclude themselves.

If the Proposed Settlement is not finally approved, or if any party withdraws from the Proposed Settlement, the lawsuit will return to the same status as before the Settlement Agreement was signed, and the Court will later determine if the case may proceed as a class action.

## 4. How do I know if I am part of the Proposed Settlement?

The Proposed Settlement includes all persons who meet each and every one of the following criteria:

> All participants and beneficiaries in the Rick Case Enterprises, Inc. 401(k) Plan (the "Plan") at any time during the period from December 15, 2022, through the date of entry of the Preliminary Approval Order (the "Class Period"), and who had funds invested in MassMutual SAGIC Diversified II Fund which were reduced by a market value adjustment. The "Class" shall include any beneficiary of a deceased person who was a participant in the Plan and who had funds

invested in MassMutual SAGIC Diversified II Fund which were reduced by a market value adjustment.

("the Class")

You are receiving this Notice because it is believed that you meet the above criteria and that you are a member of the Class.

The Class has approximately 111 members.

## 5. Why is there a Proposed Settlement?

The parties arrived at the Proposed Settlement as a result of arms-length negotiations, including meetings between the lawyers for each side. The parties reached the Proposed Settlement before the Court determined whether class certification was appropriate. The Proposed Settlement is a compromise of disputed claims and does not mean that any law was violated or that Defendants did anything wrong.

The Court has not found in favor of either Plaintiff or Defendant. Instead, both sides have agreed to a Settlement. By agreeing to the Settlement, the parties avoid the costs and uncertainty of a trial. Defendant denies all legal claims in this case.

### THE PROPOSED SETTLEMENT BENEFITS

## 6. What benefits does the Proposed Settlement provide?

The Proposed Settlement provides the following monetary benefits ("Settlement Benefits"):

- ***Class Settlement Fund***. Defendants shall establish a settlement fund ("Settlement Fund") in the sum of $209,000 with the Court-appointed Settlement Administrator. All costs, fees and other payments, including attorney's fees, Settlement Administration and notice costs, and other litigation expense shall be deducted from the Settlement Fund to determine the "Net Settlement Fund." The estimated cost of the Settlement Administration Expense is $8,820.66 . The attorney for the Class intends to ask the Court to award attorneys' fees not to exceed twenty five percent (25%) of Settlement Fund ("Attorney Fee Award") and litigation expense not to exceed $2,000.00 ("Attorney Costs"). See Question 13 below for more information as to the Attorney Fee Award and Attorney Costs.

All Class Members who do not exclude themselves pursuant to the terms and conditions of this Settlement ("Participating Class Members") shall receive a settlement payment from the Settlement Administrator ("Settlement Payment") which will be a *pro rata* share of the Net Settlement Fund in an amount to be determined as follows:

**Amount of Market Value Adjustment**
**Loss incurred by Class Member**
**________________________________ X Net Settlement Fund**

**Amount of Market Value Adjustment**
**Loss incurred by Class**

- ***Payment to Class***. Current Plan participants shall receive their Settlement Payment by direct deposit to their Plan account, while former Plan participants shall receive a Settlement Payment by mailed check ("Settlement Check") from the Settlement Administrator. Any Settlement Checks that remain unclaimed or undistributed to Participating Class Members after 90 days from the date of issuance will be given to the Florida Bar Foundation to fund legal aid programs.

More details are in a document called the Settlement Agreement, which is available for your inspection at the Office of the Clerk, United States District Court for the Southern District of Florida, United States Federal Building and Courthouse, 299 E. Broward Blvd., Fort Lauderdale, Florida 33301, during normal business hours and is available on the website for the Class Settlement at ______________________________ and on the website established by the Settlement Administrator at www.____________________.

## 7. When will the Proposed Settlement go into effect?

The Court will hold a final approval hearing on **_________________, 202__ at ______ a.m./p.m.** at the __________________[LOCATION]. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. The Court will also consider the requests by Class Counsel for attorneys' fees, costs, and expenses (*see* Question 14). If there are objections, the Court will consider them at that time. After the hearing, the Court will decide whether to approve the Proposed Settlement (*see* Question 17). It is unknown how long these decisions will take. If the Court grants the motion for final approval and no appeal is taken, then the settlement will become binding and go into effect.

Even if the Court approves the Proposed Settlement, there could be appeals. The time for an appeal varies. If no appeals are taken, the Effective Date is the date on which the Court approves the Proposed Settlement as final, subject to certain conditions. If an appeal is taken, the Effective Date is the date when all appeals are complete, and the Proposed Settlement becomes final.

## 8. How does the Proposed Settlement affect my rights?

If the Proposed Settlement is finally approved, the Court will enter a judgment dismissing all claims against Defendants with prejudice. Under the terms of the Proposed Settlement, you will release Defendants with respect to the claims that were raised or could have been raised in the case. This means you cannot seek equitable relief or any type of monetary relief against Defendants and related entities ("Released Persons") based on claims released under the Settlement Agreement ("Released Claims") You will be giving up all such claims, whether or not you know about them.

For purposes of the Proposed Settlement, "Released Claims" means any and all actual or potential claims, counterclaims, actions, demands, rights, losses, obligations, liabilities, damages, attorneys' fees, expenses, costs, and causes of action, whether arising under federal, state, or local law, whether by statute, contract, common law, equity, rule, regulation or otherwise, whether brought in an individual, representative or any other capacity, whether involving legal, equitable, injunctive, declarative, or any other type of relief (including, without limitation, indemnification or contribution), whether accrued or not, known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, for actions, omissions, inactions, or conduct that occurred on or before the date of the Preliminary Order.

For purposes of the Proposed Settlement, "Released Person(s)" means RICK CASE ENTERPRISES, INC., RICK CASE ENTERPRISES, INC. 401(K) PLAN, RITA M. CASE, DARREN W. STOKES, JOHN DOE DIRECTORS 1-10, JOHN DOE COMMITTEE MEMBERS 1-10, and each of their past, present, and future parent entities, subsidiary entities, and other affiliated entities (the term "affiliated entities" includes, but is not limited to, any entity controlling, controlled by, or under control with RICK CASE ENTERPRISES, INC., RICK CASE ENTERPRISES, INC. 401(K) PLAN, RITA M. CASE, DARREN W. STOKES, JOHN DOE DIRECTORS 1-10, JOHN DOE COMMITTEE MEMBERS 1-10, and all of their servants, predecessors, successors, spin-offs, assigns, holding companies, joint-ventures and joint-venturers, partnerships and partners, members, divisions, stockholders, bondholders, subsidiaries, related companies, affiliates, officers, directors, employees, associates, dealers, representatives, suppliers, vendors, advertisers, service providers, distributors and sub-distributors, agents, insurers, attorneys, administrators, advisors, trustees, recordkeepers, investment managers, investment advisors, consultants, asset custodians, auditors, and any fiduciary acting in any capacity with respect to the Plan, including, but not limited to, UBS FINANCIAL SERVICES, INC., EMPOWER FINANCIAL SERVICES, INC., MASSMUTUAL FINANCIAL SERVICES, INC., PRINCIPAL LIFE INSURANCE COMPANY, AND PRINCIPAL FINANCIAL GROUP.

Your interests as a member of the Class will be represented by the Class Representative and Class Counsel. You will not be billed for their services. Class Counsel will receive a fee only if the Court approves the Proposed Settlement, and the fee award will be determined by the Court and paid from the Settlement Fund (*see* Question 13).

The Court's order will apply to you even if you objected or have any other claim, lawsuit, or proceeding pending against Defendants. If you have any questions about the release, you should consult with a lawyer.

**9. If I do nothing, what am I giving up as part of the Proposed Settlement?**

If you do nothing, you will be part of the Class. That means you cannot sue Defendants over the claims settled in this case. It also means that all of the Court's orders, including the release of claims and dismissal of the lawsuit with prejudice (*see* Question 8), will apply to you and legally bind you.

## GETTING MONEY FROM THE PROPOSED SETTLEMENT

**10. How do I obtain money from the Proposed Settlement?**

The amount of the Settlement Payment to be issued through direct deposit or Settlement Check will be based on the market value adjustment loss incurred by the Class Member according to the above formula (See Question 4 above). To learn the amount of the Settlement Payment, access the website established by the Settlement Administrator at www.__________________ using your unique Class Member Identifier Number above (*See*, page 1)

## EXCLUDING YOURSELF FROM THE PROPOSED SETTLEMENT

**11. How do I remove myself from the Proposed Settlement?**

If you want to keep your right to sue Defendants, you must take steps to remove yourself from the Proposed Settlement. This is called asking to be excluded from – or "opting out" of – the Class and the Proposed Settlement.

If you choose to exclude yourself from the Class, you will not be bound by any order, judgment or settlement of the lawsuit. If you exclude yourself from the Class, you will not receive any benefits from this class action. You will retain and be free to pursue any claim against Defendants with respect to the Plan, and Defendants would retain any defenses to such claims.

To exclude yourself from the Proposed Settlement, you must mail a letter saying that you want to be excluded from the Class in *Hebert v. Rick Case Enterprises, Inc.* You must include your full name, current mailing address, and telephone number, and the letter must be signed by you personally. An exclusion form has been included with this notice for your use. Your letter or exclusion form requesting exclusion must be mailed or otherwise delivered to the following address such that it is **received by ________________________, 2026.**

Hebert Class Action

Settlement Administrator
American Legal Claim Services, LLC
8011 Phillips Highway, Suite 5
Jacksonville, Florida 32256

You cannot exclude yourself on the phone or by email.

**THE LAWYERS REPRESENTING YOU**

**12. Do I have a lawyer in this case?**

Yes. The Court has appointed Robert W. Murphy, Esq. and Walter J. Mathews, Esq. to represent you and the other Class Members in this case. Mr. Murphy and Mr. Mathews are called "Class Counsel."

You will not be charged for representation by Class Counsel. Class Counsel's compensation will be paid from the Settlement Fund. If you want to be represented by another lawyer, you may hire one at your own expense.

**13. How will the lawyers be paid? What will the Representative Plaintiff receive? What other expenses will be paid?**

Class Counsel will ask the Court to award attorneys' fees not to exceed twenty five percent (25%) of the Settlement Fund, or $52,250.00 ("Attorney Fee Award"), and litigation expense not to exceed $2,000.00 ("Attorney Costs").

The Court will conduct a hearing on attorney's fees and litigation expenses at the final approval hearing. The Court will decide the amount of the attorneys' fees based on a number of factors, including the risk associated with bringing the case, the amount of time spent on the case, the amount of costs incurred to prosecute the case, the quality of the work, and the outcome of the case. Class Counsel will file their application for the Attorney Fee Award and Attorney Costs with the Court no later than ________________, 2026, which is at least fourteen (14) days before the deadline to object to the Proposed Settlement. The application will be posted on the website established by the Settlement Administrator at www._________________ when it is filed, so that you may review it before deciding whether to object. You may object to the requested attorneys' fees and expenses in the same manner as an objection to the Proposed Settlement (see Question 14).

No Class Member will owe or pay anything directly for attorney's fees and expenses. The Attorney Fee Award and Attorney Costs will be paid from the Settlement Fund.

**OBJECTING TO THE PROPOSED SETTLEMENT**

## 14. How do I tell the Court I don't agree with the Proposed Settlement?

You may object to any part of the Proposed Settlement. To do so, you must file a written objection in the case *Romeo Hebert v. Rick Case Enterprises, Inc., et al.* Case No. 25-62255-CIV-SINGHAL as filed in the United States District Court for the Southern District of Florida.

Any objection must set forth your full name, current mailing address and telephone number and must include: (a) a written statement explaining the reasons for your objection; (b) copies of any papers, briefs, or other documents you want to bring to the Court's attention; (c) any evidence you wish to introduce in support of your objection; and (d) a statement of whether you or your lawyer will ask to appear at the final approval hearing to talk about your objections.

Your objection must be mailed or otherwise delivered to each of the following addresses so that it is **received by ________________________, 2026**:

| **Court** | **Settlement Administrator** |
|---|---|
| Clerk of Court, U.S. District Court<br>Southern District of Florida<br>United States Federal Building and Courthouse, 299 E. Broward Blvd.<br>Fort Lauderdale, Florida 33301 | Hebert Class Action<br>Settlement Administrator<br>American Legal Claim Services, LLC<br>8011 Phillips Highway, Suite 5<br>Jacksonville, Florida 32256 |
| **Class Counsel** | **Defendants' Counsel** |
| Robert W. Murphy, Esq.<br>440 Premier Circle, Suite 240<br>Charlottesville, VA 22901<br><br>Walter J. Mathews, Esq.<br>Walter J. Mathews, P.A.<br>219 Davie Blvd.<br>Fort Lauderdale, FL 33315 | Andrew M. Gordon, Esq.<br>Lauren D. Swanson, Esq.<br>Hinshaw & Culbertson LLP<br>201 East Las Olas Boulevard, Suite 1450<br>Ft. Lauderdale, FL 33301 |

If you or your lawyer asks to appear at the final approval hearing, in addition to providing the above information, you must include in your objection letter: (a) the points you wish to speak

about at the hearing; (b) copies of documents you intend to rely upon at the hearing; (c) the amount of time you request for speaking at the hearing; and (d) whether you intend to have a lawyer speak on your behalf.

If you intend to have a lawyer present, your lawyer must file a written notice of appearance of counsel with the Clerk of the Court no later **than _____________________, 202__.**

## 15. What is the difference between objecting and asking to be excluded?

Objecting is simply telling the Court that you do not like something about the Proposed Settlement. You can object only if you stay in the Class. Excluding yourself is telling the Court that you do not want to be part of the Class. If you exclude yourself from the Class, you have no basis to object because the case no longer affects you.

## THE COURT'S FINAL APPROVAL HEARING

## 16. When and where will the Court decide whether to approve the Proposed Settlement?

The Court will hold a final approval hearing to decide whether the Proposed Settlement is fair, reasonable, and adequate and should be granted final approval. The Court will also consider whether to award attorneys' fees and other expenses to Class Counsel, and whether to enter a final judgment and dismiss the lawsuit. If there are objections, the Court will consider them. You may attend and you may ask to speak.

The final approval hearing will be on **___________________, 202__ at ______ a.m./p.m.**, before the Honorable Judge Raag Singhal, United States Federal Building and Courthouse, 299 E. Broward Blvd., Fort Lauderdale, Florida 33301, in Judge Singhal's Courtroom. The hearing may be rescheduled or continued without notice by the Court.

The Proposed Settlement may be approved by the Court with modifications, and without further notice, if consented to by the Representative Plaintiff and Defendants and their respective attorneys in accordance with the terms of the Settlement Agreement.

## 17. Do I have to come to the hearing?

No. Class Counsel will answer any questions the Court may have. If you send a written objection, you do not have to come to the final approval hearing to talk about it. As long as you mailed your written objection on time and according to the Court's rules, the Court will consider it. You may also pay your own lawyer to attend the final approval hearing, but it is not necessary.

## IF YOU DO NOTHING

## 18. What happens if I do nothing?

You have the right to do nothing. If you do nothing, you will remain part of the Class and you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendants about the claims in this case, ever again. You will receive all the Settlement Benefits described in Paragraph 6 above.

### UPDATING INFORMATION

## 19. How do I update my contact information?

If you move or change your mailing address, you should contact the Settlement Administrator at the address above or using the class website at www.______________. If you do not update your address, you may not receive benefits.

### GETTING MORE INFORMATION

## 20. How do I get more information?

If you have any questions concerning the matters dealt with in this notice, please direct your inquiries to the following Class Counsel:

Robert W. Murphy, Esquire
440 Premier Circle, Suite 240
Charlottesville, VA 22901
Email: rwmurphy@lawfirmmurphy.com

The pleadings and other records in this litigation are available at *www.*__________________ and may also be examined and copied during regular office hours at the Office of the Clerk of Court, United States Federal Building and Courthouse, 299 E. Broward Blvd., Fort Lauderdale, Florida 33301.

**PLEASE DO NOT TELEPHONE THE CLERK'S OFFICE OR THE JUDGE'S CHAMBERS CONCERNING THIS NOTICE OR THIS CASE.**

# Short Form Notice

Docusign Envelope ID: AC463B06-655B-8887-8321-361102E6CFB0


**EXHIBIT B**

# NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT AND HEARING

**The Nature of the Action:** The lawsuit was filed pursuant to § 502(a)(2) of the Employee Retirement Income Security Act ("ERISA") alleging Defendants breached their fiduciary duties to participants and beneficiaries of the Rick Case Enterprises, Inc. 401(K) Plan ("Plan") in their management of the Plan which resulted in financial loss. The Defendants have denied these allegations or that they have violated any law.

**The Definition of the Class Certified:** The Proposed Settlement includes a Class of all persons who meet each and every one of the following criteria, namely all participants and beneficiaries in the Rick Case Enterprises, Inc. 401(k) Plan (the "Plan") at any time during the period from December 15, 2022 through the date of entry of the Preliminary Approval Order (the "Class Period"), and who had funds invested in MassMutual SAGIC Diversified II Fund which were reduced by a market value adjustment. The "Class" shall include any beneficiary of a deceased person who was a participant in the Plan and who had funds invested in MassMutual SAGIC Diversified II Fund which were reduced by a market value adjustment.

**The Settlement:** Defendants shall deposit the sum of $209,000 with the Settlement Administrator to establish a fund ("Settlement Fund") from which to pay benefits to participating Class Members, after deduction of litigation costs, attorney's fees, settlement administration, and other expenses, ("Net Settlement Fund"). All participating Class Members shall receive a payment from the Net Settlement Fund determined by the loss sustained the Class Member divided by the aggerate loss sustained by all Class Members times the Net Settlement Fund.

**A Class Member May Enter an Appearance if the Member So Desires:** If you wish to express your views on the case or the settlement to the Court, you may appear in the lawsuit or hire an attorney to do so on your behalf to represent your interests. You are not required to do so, and you may participate in the class without hiring an attorney.

**The Court Will Exclude Any Class Member From the Class Who Requests Exclusion:** You are under no obligation to participate in the settlement of this case. If you do not wish to participate in the settlement, you may exclude yourself simply by requesting that you be excluded. There is no penalty or cost of excluding yourself.

**The Time and Manner for Requesting Exclusion:** If you wish to exclude yourself from the settlement, you must do so by //////////////////////2026. In order to exclude yourself you must either do so on the web site identified above, or notify the claims administrator by mail of your desire to be excluded. If you would like a pre-printed form to fill out, you can obtain one by calling the Claims Administrator at 1-800-XXX-XXXX.

**The Binding Effect of a Class Judgment on Class Members:** Unless you exclude yourself from the settlement, the Court will enter an order binding you to the terms of the settlement. If you exclude yourself, you may not participate in settlement, but you will not be bound to the settlement. If you do nothing, you will still be bound by the settlement.

**BACK SIDE**

**FRONT SIDE**

***Hebert v. Rick Case Enterprises, Inc. 401(K) Plan et al; U.S.D.C. Southern District of Florida, Case No. 25-622-55-CIV-Singhal***

You may be entitled to receive a payment in a class action settlement. This notice provides essential information about the proposed settlement. More detailed information about the settlement is available for you on the Internet. If you wish to participate, exclude yourself, object or get more information, you may do so by visiting: ____________

If you do not have access to the internet or would like a copy of the settlement documents mailed to you, you can call the class administrator at (xxx) xxx-xxxx who will mail those documents to you or you can write to the class administrator at the return address shown on this card.

*Bar Code To Be Placed Here*

Postal Service: Please do not mark Barcode

CLAIM ID: <<ILYM ID>>
<<Name>>
<<Address>>
<<City>>, <<State>> <<Zip>>

# EXHIBIT C

Final Approval Order

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

ROMEO HEBERT, *individually and as representative of a class of similarly situated persons on behalf of the* RICK CASE ENTERPRISES, INC. 401(K) PLAN,

Plaintiff,

v.

RICK CASE ENTERPRISES, INC. 401(K) PLAN, RITA M. CASE, DARREN W. STOKES, JOHN DOE DIRECTORS 1-10, JOHN DOE COMMITTEE MEMBERS 1-10 RICK CASE ENTERPRISES, INC., *et al.*

Defendants.

**Case No. 25-62255-CIV-SINGHAL**

**FINAL APPROVAL ORDER**

THIS CAUSE came before the Court on _________________, 202___ on the Motion for Final Approval of Class Action Settlement Agreement between the Settlement Class Representative, ROMEO HEBERT, with respect to the Class Action Settlement Agreement entered into with Defendants, RICK CASE ENTERPRISES, INC., RICK CASE ENTERPRISES, INC. 401(K) PLAN, RITA M. CASE, DARREN W. STOKES, JOHN DOE DIRECTORS 1-10, and JOHN DOE COMMITTEE MEMBERS 1-10 (hereinafter collectively “Settling Defendants”), through their respective counsel. Based on the record, the evidence and argument presented, the Court makes the following findings concerning the fairness, reasonableness, and adequacy of the Class Settlement:

A. On or about ____________________, 2026, after a lengthy mediation and extensive settlement discussions, the respective parties entered into a Class Action Settlement Agreement ("Settlement Agreement"), which has been previously filed with the Court.

B. Upon review of the record and for the reasons set forth below, this Court hereby gives its final approval of the Settlement Agreement and finds the Settlement to be fair, reasonable, and adequate.

C. The Court finds that the Class Members are receiving fair, reasonable and adequate Settlement Benefits pursuant to the Settlement Agreement in this action.

D. In its Order of Preliminary Approval, the Court preliminarily approved the Class Notice and found that the proposed form and content of the Class Notice satisfied the requirements of due process, Fed. R. Civ. P. Rule 23. The Court reaffirms that finding and holds that the best practical notice was given to Class Members.

E. The Class Notice was emailed and mailed by first-class mail, postage prepaid, to each of the Class Members by the Settlement Administrator. The Class Notice advised the Class Members of, among other things, the allegations of the claims by the Settlement Class Representatives, the terms of the proposed settlement, the requirements for exclusion from the settlement, objection to the proposed settlement, and the scheduled approval hearing. The Class Notice further identified Class Counsel and set forth that Class Counsel was seeking an award of attorney's fees and expenses, and that said attorney's fees and expenses would be deducted from the Class Fund. The Class Notice also set forth in full the claims released as part of the Settlement and advised such persons to read the notice carefully because it would affect their rights if they failed to exclude themselves from the Settlement.

F. [Insert Number] Class Members have requested to be excluded, to-wit: ___________________.

G. [Insert Number] Class Members have objected to the proposed Settlement.

H. The Court finds that the Class Members were given an opportunity to opt-out and were adequately represented by the Settlement Class Representatives and Class Counsel.

I. The Court must determine whether the proposed Settlement is "fair, adequate and reasonable and that it is not the product of collusion" between the parties. *See,*; *Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984). In making this determination, the Court considers six factors:

(a) The likelihood that plaintiffs would prevail at trial;

(b) The range of possible recovery if plaintiffs prevailed at trial;

(c) The fairness of settlement compared to the range of possible recovery, discounted for the risk associated with litigation;

(d) The complexity, expense and duration of the litigation;

(e) The substance and amount of opposition to the settlement; and

(f) The stage of the proceedings at which the settlement was achieved.

J. In determining the adequacy of the proposed Settlement, the Court need not, and does not, decide the merits of the case. This Court has considered the submissions of the parties, which demonstrates a degree of uncertainty in the Settlement Class Representative prevailing in his claims. The Settlement Benefits set forth in the Settlement Agreement and noted above represent a significant benefit to the Class Members. Given the factual legal obstacles standing in the way of a full recovery if this case were litigated to a conclusion, and the perils of maintaining an action through a final judgment or appeal, this Court finds that the Settlement provides for a reasonable

and adequate recovery that is fair to all Class Members. If this case were to proceed without settlement, the resulting litigation would be complex, lengthy, and expensive. The Settlement eliminates a substantial risk that the Class Members would walk away empty-handed after trial.

K. Further, the Settling Defendants defended this action vigorously and have indicated they would continue to do so, absent settlement. Because of resulting motion practice, trial, and appeals, it could be a lengthy period before the Class Members would see any recovery even if they were to prevail on the merits, which would not produce a better recovery than they may have achieved in this Settlement. The Court rules that the settlement agreement in this action shall not be construed or deemed to acknowledge or find liability against the Settling Defendants on these disputed allegations.

L. The Parties negotiated the Settlement after a thorough review and analysis of the legal issues involved for nearly a year after the filing of the lawsuit. The facts demonstrate that the Settlement Class Representative was sufficiently informed to negotiate, execute, and recommend approval of the Settlement. *See, e.g., Davies v. Continental Bank,* 122 F.R.D. 475, 479-80 (ED Pa.1996).

M. This Court may also consider the opinions of the participants, including Class Counsel. *Parker v. Anderson*, 667 F. 2d 1204, 1209 (5th Cir. 1984), cert. denied, 459 U.S. 828 (1985). Class Counsel has considerable experience in the prosecution of large and complex consumer class actions. Counsel for the Settling Defendants is likewise experienced. This Court gives credence to the opinion of counsel, amply supported by the Court's independent review that this settlement is a beneficial resolution of the class action claims.

N. In addition to finding that the terms of the proposed settlement are fair, reasonable, and adequate, the Court must determine there is no fraud or collusion between the parties or their

counsel negotiating the settlement terms. *Bennett*, 737 F.2d 986*; Miller v. Republic National Life Insurance Company*, 559 F.2d 426, 428-29 (5th Cir. 1977). In this case, there is no suggestion of fraud or collusion between the parties. Furthermore, the terms of the Settlement and a negotiated settlement achieved through mediation make it clear that the process by which the settlement was achieved was fair. *Miller,* 559 F.2d at 429.

O. The relief to the Class has significant value with respect to monetary compensation to the Class.

P. The terms of the Settlement Agreement, including all exhibits thereto, are fully and finally approved as fair, reasonable, and adequate as to, and in the best interest of, the Class.

Q. Through the Settlement Agreement, the parties agreed that Class Counsel would be paid reasonable attorney's fees ("Attorney Fee Award"), together with litigation expenses, including court costs, mediation fees and travel expenses ("Attorney Costs").

R. As for the Attorney Fee Award and Attorney Costs, the request for $__________ by Class Counsel is fair and reasonable compensation to Class Counsel in accordance with Fed. R. Civ. P. Rule 23 and the factors set forth therein.

Based on the foregoing, it is ORDERED AND ADJUDGED that:

1. The Settlement Agreement is hereby approved as final.

2. Without limiting any terms of the Settlement Agreement, including the release of claims as set forth in full in the Settlement Agreement, it is hereby ordered and adjudged that the terms of the Settlement Agreement and of this Final Approval Order shall forever be binding upon, and shall have *res judicata* and preclusive effect, in any and all pending and future lawsuits maintained by the Settlement Class Representative and any and all other Class Members, as well as their heirs, executors, administrators, successors and assigns.

3. The Attorney's Fee Award and the Attorney Costs shall be disbursed in accordance with the provisions of the Settlement Agreement.

4. The Settlement Fund shall be disbursed in accordance with the provisions of the Settlement Agreement.

IT IS SO ORDERED on this ____day of ________, 202__.

______________________________________
RAAG SINGHAL
United States District Judge