# EXHIBIT 2

Declaration of Robert W. Murphy

*Hebert v. Rick Case Enterprises, Inc., et al., Case No. 25-62255-CIV-SINGHAL*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

ROMEO HEBERT, individually and as representative of a class of similarly situated persons on behalf of the RICK CASE ENTERPRISES, INC. 401(K) PLAN,

Plaintiff,

v.

RICK CASE ENTERPRISES, INC. 401(K) PLAN, RITA M. CASE, DARREN W. STOKES, JOHN DOE DIRECTORS 1-10, JOHN DOE COMMITTEE MEMBERS 1-10, RICK CASE ENTERPRISES, INC., *et al.*,

Defendants.
_______________________________________/

**Case No. 25-62255-CIV-SINGHAL**

**CLASS ACTION**

**DECLARATION OF ROBERT W. MURPHY IN SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

THE UNDERSIGNED, Robert W. Murphy, hereby declares, pursuant to 28 U.S.C. §1746, as follows:

***Details Concerning Due Diligence of Counsel***

1. I am counsel of record for the Plaintiff, Romeo Hebert, in that certain case styled "*Romeo Hebert, individually and as representative of a class of similarly situated persons on behalf of the Rick Case Enterprises, Inc. 401(k) Plan v. Rick Case Enterprises, Inc., et al.*," in the United States District Court for the Southern District of Florida; Case No. 25-62255-CIV-SINGHAL ("Hebert Class Action"). I make this declaration on personal knowledge in support of Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement.

2. The Hebert Class Action involves claims brought on behalf of Plaintiff, the Rick Case Enterprises, Inc. 401(k) Plan (the "Plan"), and a class of Plan participants and beneficiaries

against Defendants, Rick Case Enterprises, Inc., Rita M. Case, Darren W. Stokes, John Doe Directors 1-10, and John Doe Committee Members 1-10 (collectively, "Defendants" or "Rick Case"), for breach of fiduciary duty under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001 *et seq.*, including 29 U.S.C. §§1104(a)(1), 1109(a) and 1132(a)(2).

3. As detailed in the Complaint, Plaintiff alleges that Defendants breached their fiduciary duties to the Plan and its participants in connection with a change in the Plan's recordkeeper, which caused the accounts of participants who were invested in the MassMutual SAGIC Diversified II Fund to be reduced by a market value adjustment (the "market value adjustment loss" or "MVAL"). Defendants deny the allegations and deny any liability.

4. In the course of litigation of the Hebert Class Action, Declarant and co-counsel, Walter J. Mathews, Esq., conducted an investigation as to the factual and legal merits of the claims of the Plaintiff and the putative class under ERISA. The investigation included review of the Plan document, summary plan description, Forms 5500, participant fee and investment disclosures, the SAGIC Fund group annuity contract materials, the blackout and transition notices issued to participants, and Plaintiff's account statements.

5. In conjunction with discovery/informal discovery and settlement discussions, the Defendants exchanged information pertinent to certification and the merits, including disclosures concerning class size, scope and damages, and specifically the number of affected participants and the amount of the market value adjustment charged to each. Through the disclosures made by Defendants and the prior experience of Declarant in class actions, Declarant acquired sufficient knowledge and information to assess the merits of the claims, potential defenses and the potential settlement.

***Description of Arm's Length Settlement Process***

6. After extensive arm's-length negotiations between counsel over the course of several months, the Parties entered into a Class Action Settlement Agreement (hereinafter referred to as the "Class Settlement Agreement"), a copy of which has been filed with the Court. The Class Settlement Agreement is a product of numerous revisions, rewrites and negotiations between respective counsel over the course of several weeks. Attorney's fees were not negotiated until agreement had been reached on the relief to the Class.

7. Pursuant to the Class Settlement Agreement, Defendants agreed to *inter alia*:

> <u>Certification of a Settlement Class</u> – Consisting of all participants and beneficiaries in the Rick Case Enterprises, Inc. 401(k) Plan at any time during the period from December 15, 2022 through the date of entry of the Preliminary Approval Order, and who had funds invested in MassMutual SAGIC Diversified II Fund which were reduced by a market value adjustment, including any beneficiary of a deceased participant who had such funds ("Class"). Defendants represent that the Class consists of approximately 111 members, and the Settlement Fund is subject to a proportionate "true-up" if the actual number is greater.
>
> <u>Settlement Payment</u> – Defendants have agreed to establish a non-reversionary settlement fund of $209,000.00 ("Settlement Fund"). The Net Settlement Fund will be distributed *pro rata* to all Class Members who do not exclude themselves, based on the proportion that each Class Member's MVAL bears to the aggregate MVAL of the Class. No claim form is required. Current Plan participants will be paid by direct deposit to their Plan accounts and former participants by mailed check.
>
> <u>Cy Pres</u> – Any residual funds, including uncashed checks after ninety (90) days, will be paid to the Florida Bar Foundation, subject to Court approval.
>
> <u>Settlement Administration Expense</u> – to be paid from the Settlement Fund, and estimated by American Legal Claim Services, LLC to be $8,820.66; and
>
> <u>Attorney's Fees and Costs</u> – As fees, Class Counsel will ask the Court to award attorneys' fees not to exceed twenty-five percent (25%) of the Settlement Fund, or $52,250.00 ("Attorney Fee Award"), and litigation expense not to exceed $2,000.00 ("Attorney Costs").

8. If the Attorney Fee Award, Attorney Costs and Settlement Administration Expense are approved in the amounts stated above, the Net Settlement Fund will be approximately $145,929.34, which equates to an average payment of approximately $1,314.68 for each of the 111 Class Members. Based on the data produced by Defendants, the aggregate MVAL sustained by the Class is approximately $263,278.78. The Settlement Fund represents approximately 80% of that amount, and the Net Settlement Fund approximately 55%.

9. As part of the practice and policy of Declarant, the settlement negotiations with Defendants were in accordance with the "Standards and Guidelines for Litigating and Settling Class Actions" ("NACA Class Settlement Guidelines") promulgated by the National Association of Consumer Advocates ("NACA"). The NACA Class Settlement Guidelines were first published at 176 F.R.D. 375 (1997) and are available in revised form at 255 F.R.D. 215-244 (2009).

10. Based on my prior litigation of class actions in this District and elsewhere, and my assessment of the risks of establishing a breach of the duty of prudence, loss causation, and damages under ERISA, the terms of the settlement set forth in the Class Settlement Agreement are fair, reasonable and in the best interest of the Settlement Class. In particular, Defendants contend that the market value adjustment was a disclosed contractual feature of the SAGIC Fund that resulted from the rise in interest rates rather than from any fiduciary act, and that the change in recordkeepers was a prudent decision made for the benefit of the Plan as a whole. Litigating those defenses through trial would have required expert testimony at a cost disproportionate to the amount in controversy. The settlement satisfies the standard governing approval of class action settlements in this Circuit, under which the Court must find the settlement "fair, adequate and reasonable and ... not the product of collusion between the parties." *Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984); *see also* Fed. R. Civ. P. 23(e)(2). At the preliminary-approval

stage, the Court's task is to determine whether it "will likely be able to" approve the settlement as fair, reasonable, and adequate and to direct notice to the Class. Fed. R. Civ. P. 23(e)(1)(B); *see Ponzio v. Pinon*, 87 F.4th 487, 494-95 (11th Cir. 2023) (the 2018 amendments to Rule 23(e)(2) "focus the court and the lawyers on the core concerns," which the *Bennett* factors "complement"); *Faught v. American Home Shield Corp.*, 668 F.3d 1233, 1240 (11th Cir. 2011). Courts in this Circuit apply that framework to grant preliminary approval of ERISA breach-of-fiduciary-duty class settlements. *See Pettway v. R.L. Zigler Co.*, No. 7:23-CV-00047-LSC, 2024 WL 3656750 (N.D. Ala. Aug. 2, 2024); *Morris v. US Foods, Inc.*, No. 8:20-CV-105-SDM-CPT, 2021 WL 2954741 (M.D. Fla. May 17, 2021). The arm's-length negotiations described above, the absence of collusion, the litigation risks on the duty of prudence, loss causation, and damages, and the *pro rata* distribution of a non-reversionary fund representing approximately 80% of the aggregate MVAL together establish that the settlement meets this standard.

***Experience of Class Counsel***

11. I have been a lawyer for over 39 years, and I am a member in good standing of the bars of the following courts:

Florida - admitted 1987
Georgia - admitted 1991
Virginia - admitted 2020
Wisconsin - admitted 2023
United States Court of Appeals for the 11th Circuit - admitted 1994
United States Court of Appeals for the 4th Circuit - admitted 2021
United States Court of Appeals for the 3rd Circuit - admitted 2022
United States Court of Appeals for the 7th Circuit - admitted 2025
United States District Court, Middle District of Florida - admitted 1990
United States District Court, Southern District of Florida - admitted 1997
United States District Court, Northern District of Florida - admitted 2006
United States District Court, Northern District of Ohio - admitted 2008
United States District Court, Western District of Oklahoma - admitted 2009
United States District Court, Middle District of Georgia - admitted 2009
United States District Court, Northern District of Georgia - admitted 2010
United States District Court, Western District of Michigan - admitted 2010

United States District Court, Western District of Tennessee - admitted 2010
United States District Court, Colorado - admitted 2014
United States District Court, Southern District of Indiana - admitted 2014
United States District Court, Northern District of Indiana - admitted 2016
United States District Court, Northern District of Oklahoma - admitted 2017
United States District Court, Eastern District of Missouri - admitted 2017
United States District Court, Middle District of Tennessee - admitted 2019
United States District Court, Eastern District of Tennessee - admitted 2020
United States District Court, Eastern District of Virginia - admitted 2021
United States District Court, Western District of Virginia - admitted 2021
United States District Court, Western District of Pennsylvania - admitted 2021
United States District Court, District of Maryland - admitted 2022
United States District Court, Eastern District of Wisconsin - admitted 2022
United States District Court, Western District of Wisconsin - admitted 2022
United States District Court, Southern District of Georgia - admitted 2023
United States District Court, Eastern District of Oklahoma - admitted 2023
United States District Court, Southern District of Texas - admitted 2023
United States District Court, Western District of New York - admitted 2024
United States District Court, Eastern District of Texas - admitted 2024
United States District Court, District of Vermont - admitted 2025

12. I am a 1987 graduate of the University of Florida College of Law.

13. From August 1987 through January 1988, I was employed at Gary, Dytrych and Ryan, P.A., North Palm Beach, Florida as a litigation associate. From January 1988 through February 1990, I was employed as a litigation associate at Farish, Farish & Romani, P.A. in West Palm Beach, Florida. From February 1990 through November 1993, I was employed as a litigation associate at Brant, Moore, Sapp, MacDonald & Wells, P.A. in Jacksonville, Florida. From November 1993 through May 1997, I was a sole practitioner in Jacksonville, Florida. From May 1997 to the present, I have been a sole practitioner in Fort Lauderdale, Florida and Charlottesville, Virginia.

14. From 1993 to the present, my practice has focused on consumer litigation in individual and class actions.

15. From 2009 through 2020, I served as an Adjunct Professor of Law teaching consumer law at the University of Florida Levin College of Law in Gainesville, Florida. From

2023 through 2025, I served as a Visiting Professor of Law at the University of Virginia School of Law in Charlottesville, Virginia teaching consumer law to second and third-year law students in a clinical capacity. I have also been a guest lecturer at various law schools, including University of California-Irvine, the University of Maryland, Coastal School of Law, Gonzaga University, the University of Miami, the Judge Advocate General's Legal Center and School and the University of Warsaw.

16. In July 2001, I was appointed to the Florida Bar Consumer Protection Law Committee and was appointed Chairman of the Committee in April 2004. I previously served on the Florida Bar Bankruptcy and U.C.C. Committee from 1998 to 2000.

17. In May 2013, the Consumer Financial Protection Bureau ("CFPB") invited Declarant to participate in a private community roundtable in Miami, Florida, with CFPB Director Richard Cordray to discuss consumer finance issues involving mortgages, foreclosures, credit cards, payday loans, student loans, and other matters.

18. In September 2007, the Federal Trade Commission designated Declarant as a panel member for the Federal Trade Commission Workshop, "*Debt Collection Today: Understanding the Business*" in Washington, D.C., October 10-11, 2007. In February 2011, the Federal Trade Commission designated Declarant as a panel member for the Federal Trade Commission Workshop, "*Debt Collection 2.0: Protecting Consumers as Technologies Change*" in Washington, D.C. on April 28, 2011.

19. I have been an active member in the National Association of Consumer Advocates ("NACA") since November 1999 and regularly attend conferences and seminars sponsored by said organization. I am a former member of the Board and Executive Committee of NACA and previously served as the Florida State Chairperson and Secretary for NACA.

20. I have lectured professional groups on commercial and consumer law issues, including the following:

Speaker, *Repairing Credit the Wrong Way*, 2025 Annual Florida Bar Conference, Boca Raton, Florida, June 2025

Visiting Lecturer, "*Political and Economics Earthquakes: Are the Foundations of Consumer Law in the United States and the EU Sound?*," University of Warsaw College of Law, Warsaw, Poland, November 2024

Speaker, "*What's Hot and What's Not: Private Practitioner View*," Teaching Consumer Law Conference, Santa Fe, New Mexico, May 2024

Speaker, *Feebusters: Demystifying Costs in Consumer Transactions and Methods to Protect Consumers from "Junk Fees"*, 2024 Annual Florida Bar Conference, Orlando, Florida, June 2024

Speaker, "*AI and the Legal Profession and Building a Consumer Law Practice*," Michigan State Bar, Consumer Protection Committee, May 2024

Speaker, "*Auto Repossession Litigation: The Why, Who and How*," Consumer Rights Litigation Conference, Chicago, Illinois, October 2023

Speaker, *Fool Me Once, Shame on You: How to Avoid Falling for Scams*, 2023 Annual Florida Bar Conference, Boca Raton, Florida, June 2023

Speaker, "*Leasing is Fleecing*": *A Legal Guide Shepard's guide to the Consumer Leasing Act*, Community Legal Services of Mid-Florida Training Webinar, February 2023

Speaker, "*Consumer Leasing Act*," National Consumer Litigation Conference, Seattle, Washington, November 2022

Speaker, "*Recovering Attorney Fees: The Effective and Ethical Method*," Virginia Trial Lawyers Webinar, October 2022

Speaker, "*Article III - Ramirez v. TransUnion*," Consumer Law Professor Conference, Santa Fe, New Mexico, May 2022

Speaker, "*Applications: the Brave New World of Class Litigation, Fintech and Beyond*," NACA Spring Training Conference, Phoenix, Arizona, May 2022

Speaker, *Debt Collector's Defensive Strategies*, Fair Debt Conference, Orlando, Florida, April 2022

Speaker, *Protecting Consumers Against Pandemic Misconduct*, Florida Bar Annual Meeting, Consumer Protection Committee, June 2021

Speaker, "*Secured Transactions and Moveable Assets Regulation in the United States*," AGA-Africa Workshop, University of Pretoria, South Africa, September 2020

Speaker, *Legal Triage - Consumer and Tenant Protections in the COVID-19 Pandemic*, Florida Bar Public Interest Section, July 2020

Speaker, "*Odometer Act Litigation*," NACA Spring Training Webinar, June 2020

Speaker, "*Claims under the Credit Repair Organizations Act and State Credit Services Organizations Act: Pitfalls and Opportunities*," Fair Debt Collection Practices Conference, March 2020

Program Chair/Moderator, *Consumer Law 101 Program*, Legal Aid Center of Southern Nevada, Las Vegas, Nevada, February 2020

Speaker, "*A Primer on Auto Fraud*," Vermont Trial Lawyers Association, Burlington, Vermont, April 2019

Speaker, "*Representing the Unsecured Debtor: Automobile Deficiencies*," Bergen County, NJ Bar Association, Hackensack, New Jersey, March 2019

Speaker, "*Settling Cases and Ethical Considerations*," National Consumer Law Center Fair Debt Practices Conference, Las Vegas, Nevada, March 2019

Speaker, "*Overview of PACE Loans*," National Tax Lien Association Conference, Miami Beach, Florida, February 2018

Speaker, "*A View from the Trenches*," Consumer Law Professor Conference, University of Houston School of Law, Santa Fe, New Mexico, May 2018

Speaker, "*Hot Topics: Price Manipulation*," National Association of Consumer Advocates Auto Fraud Conference, Las Vegas, Nevada, April 2018

Speaker, "*Five Things Every Consumer Lawyer Should Know About Article 9*," Texas Bar 13th Annual Advanced Consumer and Commercial Law Program, Austin, Texas, September 2017

Speaker, Florida Legal Services, Inc., "*FDCPA – Alternative Claims and Defenses*," Orlando, Florida, July 2017

Speaker, Florida Bar Annual Meeting, "*Class Action Litigation Areas*," Boca Raton, Florida, June 2017

Speaker, Florida Bar Annual Meeting, "*Guarding Our Military: the Service Members Civil Relief Act*," Orlando, Florida, June 2014

Speaker, National Association of Consumer Advocates, Auto Fraud Conference, "*Adding TILA and Debt Collection Violations to Your Auto Fraud Practice*," San Diego, California, April 2014

Speaker/Faculty Chair, Practicing Law Institute, "*Pro Bono Consumer Law Basics*," San Francisco, California, July 2012 - present

Speaker, Florida Legal Services, "*Ancillary Litigation: Claims Against Servicers and Collectors*," Tampa, Florida, June 2013

Speaker, Florida Bar Annual Meeting, "*Class Actions: Developing an Effective and Ethical Practice*," Boca Raton, Florida, June 2013

Speaker, National Consumer Law Center, Fair Debt Collection Practices Act Conference, "*FDCPA Practice Fundamentals*," Baltimore, Maryland, March 2013

Speaker, National Consumer Law Center Litigation Conference, "*Big Business of Small Car Dealerships*," Seattle, Washington, October 2012

Speaker, University of Wyoming Consumer Issues Conference, "*Consumer Litigation Issues: The Growing Need for Private and Public Cooperation to Enforce Existing Laws*," Laramie, Wyoming, October 2012

Speaker, National Association of Consumer Advocates, 2012 Auto Fraud Conference, "*Arbitrating Automobile Fraud Claims*," Clearwater, Florida, August 2012

Speaker, 2012 Florida Creditors Bar Association Annual Conference, "*From the Consumer Lawyers Perspective*," Orlando, Florida, August 2012

Speaker, Dade County Bar Association, "*Understanding and Complying with Florida and Federal Fair Debt Collection Laws*," Miami, Florida, June 2012

Speaker, Bi-Annual Teaching Consumer Law Conference, "*View from the Trenches - Practicing Consumer Law*," University of Houston College of Law, Houston, Texas, May 2012

Speaker, Virginia Trial Lawyers Conference, "*Emerging Class Action Trends*," The Greenbrier, White Sulphur Springs, West Virginia, March 2012

Speaker, 5th Annual Washington State Consumer Law Conference, "*The Changing Landscape of Class Action Practice*," Spokane, Washington, October 2010

Speaker, "*Hot Topics in Recessionary Times*," Consumer Umbrella Group Training and Meeting, Florida Legal Services, Tampa, Florida, October 2010

Speaker, "*Helping Your Clients Avoid Getting Run Over: A Primer on Auto Fraud*," Legal Assistance Training, Naval Legal Service Office Central, Pensacola, Florida, September 2010

Speaker, "*How to Use the FCRA and FDCPA to Strengthen Your Case*," Mortgage Lending Litigation Conference, Denver, Colorado, August 2010

Speaker, "*Small Claims: Big Economic Impact*," Jacksonville Area Legal Aid, Jacksonville, Florida, June 2010

Speaker, "*Meeting the Ethical Requirements for Class Action Notices and Administration*," National Consumer Law Center FDCPA Litigation Conference, Jacksonville, Florida, March 2010

Speaker, "*Common Consumer Collection Litigation Issues*," Maryland Legal Aid Bureau, Baltimore, Maryland, December 2009

Speaker, "*Medical Debt Collection - Emerging Litigation Trends*," National Consumer Law Center Litigation Conference, Philadelphia, Pennsylvania, October 2009

Speaker, "*Repossession Litigation*," Washington State Trial Lawyers Association, Spokane, Washington, September 2009

Speaker, Florida Bar Annual Convention, "*Understanding the FDCPA*," Orlando, Florida, June 2009

Speaker, Ohio Justice Association Annual Conference, "*Catching the Wave - Anticipating Trends and Emerging Defensive Tactics in Consumer Class Actions*," Columbus, Ohio, May 2009

Speaker, "*Taming the Collection Tempest*," Volunteer Legal Services Program, Practicing Law Institute, San Francisco Bar Association, San Francisco, California, March 2009

Speaker, "*Effective Cross-Examination Techniques of FDCPA Opponents - at Trial and in Deposition*," Fair Debt Collection Training Conference, San Diego, California, February 2009

Speaker, "*How to Help Consumers After Creditors Help Themselves*," Consumer Rights Litigation Conference, Portland, Oregon, October 2008

Speaker, "*Understanding Federal and State Claims Against Mortgage Servicers*," Mortgage Litigation Conference, Cleveland, Ohio, September 2008

Speaker, "*Auto Repossession Litigation: Riding with the Fourth Horseman*," Auto Fraud Conference, San Antonio, Texas, May 2008

Speaker, "*Ethical and Effective Representation of the Unsecured Consumer Debtor*," Legal Services of New Jersey, Spring Conference, Eatontown, New Jersey, May 2008

Speaker, "*Defending Unsecured Consumer Collection Matters in Court and Arbitration*," Committee on Regional Training, Ohio State Legal Services Association, Columbus, Ohio, April 2008

Speaker and Panel Moderator, "*Effective and Ethical Class Notices*," Fair Debt Collection Practices Act Conference, Nashville, Tennessee, March 2008

Speaker and Panel Moderator, "*Home-Saver Scams*," Mortgage Foreclosure Prevention Seminar, St. Louis, Missouri, September 2007

Speaker, "*Representing the Consumer Client - Everything You Wanted to Know About the FDCPA, FCRA, ECOA, etc. But Were Afraid to Ask*," National Legal Aid and Defenders Association, 2007 Substantive Law Conference, San Jose, California, July 2007

Speaker, "*Defending NAF Arbitration Proceedings*," Fair Debt Collection Practices Act Conference, Tucson, Arizona, March 2007

Speaker, "*Common Collection Disputes: Credit Cards and Auto Deficiencies*," Judge Advocate General Legal Center and School, University of Virginia, Charlottesville, Virginia, May 2006

Speaker, "*FDCPA Trial Practice*," National Consumer Law Center Fair Debt Collection Practices Conference, Austin, Texas, February 2006

Speaker, "*Alphabet Soup Litigation: A Primer on Federal and State Restraints on Consumer Debt Collection*," Florida Legal Services - Annual Training Conference, Orlando, Florida, January 2006

Speaker, "*The Debt Zoo: Dealing with Wolves, Vultures and Other Beasts: A Primer on Federal and State Restraints on Consumer Debt Collection*," U.S. Navy JAG Corps. - Consumer Law Symposium, Jacksonville, Florida, October 2005

Speaker and Seminar Moderator, Florida Bar Annual Convention, "*Predatory Lending*," Orlando, Florida, June 2005

Moderator, "*Use of Experts in FCRA Litigation*," National Association of Consumer Advocates - Fair Credit Reporting Act Conference, New Orleans, Louisiana, June 2005

Speaker, "*Mediation & Settlement Techniques in FDCPA Litigation*," National Consumer Law Center - Fair Debt Collection Practices Act Conference, Washington, D.C., March 2005

Speaker, "*Auto Repossession Litigation*," National Association of Consumer Advocates - Auto Fraud Conference, San Diego, California, September 2004

Speaker, "*Ethical Issues in Consumer Litigation*," Florida Bar Association - Annual Meeting, Orlando, Florida, June 2003

Speaker, Luncheon Seminar, "*Consumer Bankruptcy Reform Proposals*," North Broward Bar Association, May 1998

Speaker, Commercial Law Section Seminar, "*Proceedings Supplementary*," Broward County Bar Association, April 1998

Speaker, Commercial Litigation Seminar, "*Alternative Judgment Enforcement Methods*," Jacksonville Bar Association, October 1991

21. I have received the following awards with respect to my involvement in consumer advocacy:

*Consumer Lawyer of the Year*, Consumer Protection Committee, Florida Bar, June 2016

"*President's Award*," Jacksonville Area Legal Aid, November 2010

*Lawyer of the Year Award*, Legal Aid Service of Broward County, May 2010

"*Together We Must*" Award Recipient, Legal Services of Greater Miami, April 2010

"*Consumer Advocate Award*," Legal Aid Service of Broward County, April 2008

22. I have authored, contributed or co-contributed to the following publications concerning consumer litigation issues:

Co-contributor, "*Repossessions*," National Consumer Law Center (10th Edition)

Co-contributor, "*Repossessions*," National Consumer Law Center (8th Edition)

Co-contributor, "*Collection Actions: Defending Consumers and their Assets*," National Consumer Law Center (1st Edition 2008)

Author, "*Consumer Law 101*," Association of the Bar of the City of New York, September 2007

Author, "*The Debt Collection Case from Hell*," The Consumer Advocate, Vol. 13, No. 1, March 2007

Author, "*Florida's Anti-Consumer Legislative Challenge*," The Consumer Advocate, Vol. 12, No. 4, October 2006

23. I have been a contributor to numerous media articles for national and local news publications, including the Wall Street Journal, the New York Times, the Boston Globe, the National Law Journal, the Miami Herald, and Ft. Lauderdale Sun-Sentinel. I have appeared on ABC News Nightline, "*Brian Ross Investigates: Abusive Debt Collectors*," air date January 19, 2007, as a Panel Member on the PBS Show "Law Matters: *Predatory Loans*," air date April 5, 2007, and on NHK World TV (Japanese Public Television), "*Repossessions in America*," stream date-start November 2017.

24. I have been counsel in numerous cases involving violations of federal and state consumer protection laws in both state and federal court, including the following published decisions: *Schepler v. American Honda Motor Co., Inc.*, 2019 WL 398000 (C.D. Cal. Jan. 29, 2019); *McCalvin v. Condor Holdco Securitization Trust*, 2018 WL 5816780 (E.D. Pa. Nov. 6, 2018) (final approval of nationwide auto finance class settlement under Uniform Commercial Code ("UCC") with $5.7 million in settlement fund); *Martinez v. Medicredit*, 2018 WL 2223681 (E.D. Mo. May 15, 2018) (final approval of 498,000 member settlement class under Telephone Consumer Protection Act ("TCPA")); *Q+ Food, LLC v. Mitsubishi Fuso Truck of America, Inc.*, 2016 WL 7213278 (D.N.J. Oct. 26, 2016) (preliminary approval of nationwide defective truck warranty class action); *Picchi v. World Financial Network Bank*, No. 11-61797-CIV (S.D. Fla.) (nationwide TCPA class); *Singleton v. General Revenue Corp.*, 2013 WL 151181 (S.D. Fla. Jan. 14, 2013) (preliminary approval of class settlement of approximately 140,000 members concerning student loan collection letters); *Ross v. Citifinancial Auto, Ltd.*, 2014 WL 12625076 (M.D. Fla. Aug. 11, 2014) (preliminary approval of auto-finance class settlement).

25. I have been appointed class counsel in well over one hundred fifty class actions in state and federal courts.

***Details Concerning Attorney's Fees Claim***

26. With respect to the representation of Plaintiff and the Class, Class Counsel was employed under a written contingency fee agreement which predicated the payment of attorneys' fees on the successful conclusion of the litigation on behalf of Plaintiff and the members of the Class. Class Counsel has advanced all costs of the litigation and has received no compensation to date.

27. Declarant intends to apply to the Court for attorney fees in the Hebert Class Action under the so-called "common fund" doctrine. Under the common fund doctrine as applied in the Eleventh Circuit, attorney's fees are awarded as a reasonable percentage of the fund, with 25% recognized as the "benchmark." *Camden I Condo. Ass'n v. Dunkle*, 946 F.2d 768, 774-75 (11th Cir. 1991). The percentage-of-the-fund method remains the controlling approach for common-fund fee awards in this Circuit. *See In re Equifax Inc. Customer Data Sec. Breach Litig.*, 999 F.3d 1247, 1278-81 (11th Cir. 2021) (reaffirming *Camden I* and holding that *Perdue v. Kenny A.* did not displace the percentage method in common-fund cases). A fee of 25% is consistent with awards approved in this District. *See In re Sunbeam Sec. Litig.*, 176 F. Supp. 2d 1323, 1333-36 (S.D. Fla. 2001) (awarding 25% of the common fund and describing *Camden I* as "the preeminent case in this circuit"). Class Counsel intends to apply for an Attorney Fee Award that does not exceed the benchmark of 25% of the Settlement Fund, or $52,250.00. Defendants have agreed not to object to a request in that amount. The Attorney Fee Award will be allocated between Declarant and co-counsel, Walter J. Mathews, Esq.

28. Class Counsel utilizes a computerized timekeeping system which records and tracks time on an hourly basis. The policy and practice of Class Counsel is to record time contemporaneously.

29. Class Counsel exercised time-keeping discretion in order to avoid the recording of time which would be duplicative or unnecessary to the prosecution of the claims of Plaintiff and the members of the Class.

30. The contemporaneously kept records of Class Counsel reflecting services rendered in this litigation will be produced to the Court if requested.

31. Declarant has expended 51.8 hours in the representation of the Class as of the date hereof.

32. Declarant believes that an additional 10 hours of attorney time will be expended by Declarant in preparing for and attending the final approval hearing, issuance of settlement payments, addressing class member inquiries, and related matters to closure, but has not shown such time on the time sheets.

33. Based on the experience of Declarant in other similar class actions, it is anticipated that substantial attorney time will be incurred after final approval upon issuance of the settlement payments. Class Counsel typically receives a significant number of inquiries both in writing and by telephone from class members who receive class settlement distributions. Typically, upon receipt of a settlement payment, class members request an explanation of the terms of settlement, notwithstanding their prior receipt of a class notice. Declarant endeavors to personally respond to the inquiries from a class member.

34. The customary hourly rate for services by Declarant is $675.00 to $875.00 per hour in class litigation depending on the jurisdiction. In recognition of the prevailing rates in the

Southern District of Florida, Declarant has applied $775 per hour as the rate for work done in the instant action. Courts in this District have found rates at or above that level reasonable. *See Blue Chip All., LLC v. Chetu, Inc.*, No. 22-cv-61602, ECF No. 243 (S.D. Fla. Feb. 6, 2025) (finding requested rates reasonable and observing that "far more significant rates have been awarded in this district," including $775 per hour); *Family First Life, LLC v. Rutstein*, No. 22-cv-80243-AMC, 2023 WL 5939620, at *3 (S.D. Fla. Aug. 23, 2023), *report and recommendation adopted*, 2023 WL 5929434 (S.D. Fla. Sept. 12, 2023) (awarding $775 per hour for partner time); *CITGO Petroleum Corp. v. Petroleum Logistics Serv. USA, Inc.*, No. 22-mc-20762, 2022 WL 17718802, at *4–5 (S.D. Fla. Nov. 30, 2022), *report and recommendation adopted*, 2022 WL 17716483 (S.D. Fla. Dec. 15, 2022) (approving rates of $850 and $825 per hour for litigation partners).

35. For purposes of a lodestar cross-check, Declarant's lodestar for the time expended and anticipated to be expended is $46,895.00 (61.8 hours x $775/hour). Together with the lodestar of co-counsel as set forth in the Declaration of Walter J. Mathews, the combined lodestar of Class Counsel is $80,045.00, which substantially exceeds the Attorney Fee Award to be requested. A lodestar cross-check is an accepted means of confirming the reasonableness of a percentage-of-the-fund fee, although it is not required in a common-fund case. *See In re Equifax*, 999 F.3d at 1281; *Kuhr v. Mayo Clinic Jacksonville*, 530 F. Supp. 3d 1102, 1120-21 (M.D. Fla. 2021). Here, the requested 25% fee of $52,250.00 is well below Class Counsel's combined lodestar of $80,045.00, yielding a fractional (negative) multiplier of approximately 0.65 that further confirms the reasonableness of the request.

36. As of the date hereof, Declarant has incurred the following costs and litigation expenses:

| <u>**Description**</u> | <u>**Amount**</u> |
|---|---|
| US District Court - Filing Fee | $405.00 |

| | |
|---|---|
| Service of Process | $225.00 |
| **TOTAL:** | **$ 630.00** |

37. The foregoing costs and litigation expense incurred were reasonable and necessary in the litigation of this matter. Class Counsel will not seek reimbursement of Attorney Costs in excess of $2,000.00, the amount disclosed in the Notice to the Class.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

EXECUTED on this 14th day of October 2026, in Charlottesville, Virginia.

ROBERT W. MURPHY