# EXHIBIT 3

Declaration of Walter J. Mathews

*Hebert v. Rick Case Enterprises, Inc., et al., Case No. 25-62255-CIV-SINGHAL*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

ROMEO HEBERT, individually and as representative of a class of similarly situated persons on behalf of the RICK CASE ENTERPRISES, INC. 401(K) PLAN,

**Case No. 25-62255-CIV-SINGHAL**

Plaintiff,

**CLASS ACTION**

v.

RICK CASE ENTERPRISES, INC. 401(K) PLAN, RITA M. CASE, DARREN W. STOKES, JOHN DOE DIRECTORS 1-10, JOHN DOE COMMITTEE MEMBERS 1-10, RICK CASE ENTERPRISES, INC., *et al.*,

Defendants.
______________________________________/

**DECLARATION OF WALTER J. MATHEWS IN SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

THE UNDERSIGNED, Walter J. Mathews, hereby declares, pursuant to 28 U.S.C. §1746, as follows:

***Role in the Litigation***

1. I am co-counsel of record for the Plaintiff, Romeo Hebert, in that certain case styled "*Romeo Hebert, individually and as representative of a class of similarly situated persons on behalf of the Rick Case Enterprises, Inc. 401(k) Plan v. Rick Case Enterprises, Inc.*, *et al.*," in the United States District Court for the Southern District of Florida; Case No. 25-62255-CIV-SINGHAL ("Hebert Class Action"). I make this declaration on personal knowledge in support of Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement.

2. The Hebert Class Action involves claims for breach of fiduciary duty under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001 *et seq.*, brought

on behalf of participants and beneficiaries of the Rick Case Enterprises, Inc. 401(k) Plan (the "Plan") whose investments in the MassMutual SAGIC Diversified II Fund were reduced by a market value adjustment.

3. I have served as co-counsel with Robert W. Murphy, Esq. since the inception of the case. My work in this matter has included the initial client intake and investigation of Mr. Hebert's claim; review of Plan documents and participant communications; preparation and review of the Complaint; communications with the Class Representative; participation in settlement negotiations with counsel for Defendants; and review and revision of the Class Action Settlement Agreement and its exhibits.

4. I have reviewed the Declaration of Robert W. Murphy filed contemporaneously herewith concerning the investigation of the claims, the information exchanged by Defendants, and the arm's-length negotiations that resulted in the Class Action Settlement Agreement, and the statements therein concerning those matters are consistent with my own knowledge.

5. Based on my experience and my knowledge of the facts and the risks of continued litigation- including the difficulty and expense of proving a breach of the duty of prudence, loss causation, and damages under ERISA- it is my opinion that the settlement set forth in the Class Action Settlement Agreement, which provides a non-reversionary fund of $209,000.00 to be distributed *pro rata* to approximately 111 Class Members without the need for a claim form, is fair, reasonable, adequate, and in the best interest of the Settlement Class.

6. I am not aware of any conflict of interest between myself or my firm and the Class Representative or any member of the Settlement Class. There are no agreements made in connection with the proposed settlement other than the Class Action Settlement Agreement and the agreement between Class Counsel regarding the division of any Attorney Fee Award.

***Experience of Counsel***

7. I have been a lawyer for over 27 years. I am a member in good standing of The Florida Bar (Florida Bar No. 174319), admitted 1999, and of the bars of the following courts:

United States District Court, Southern District of Florida - admitted 2000
United States District Court, Northern District of Florida – admitted 2008

8. I am a 1999 graduate of University of Miami, School of Law. Prior thereto, in 1991, I received a Bachelor of Arts from the University of Massachusetts, Amherst.

9. I am the principal of Walter J. Mathews, P.A., 219 Davie Boulevard, Fort Lauderdale, Florida 33315. I have more than 27 years of experience handling complex securities, commercial, and regulatory matters in federal and state courts and in FINRA arbitration proceedings. My practice includes the representation of investors, financial professionals, businesses, officers, and directors in securities fraud and broker-dealer disputes, SEC, FTC, CFTC and other government investigations, federal receiverships, complex commercial litigation, and probate and fiduciary disputes. From 2002 through 2006, I served as Senior Counsel in the U.S. Securities and Exchange Commission's Division of Enforcement, Southeast Regional Office, where I investigated and litigated matters involving fraudulent securities offerings, accounting fraud, insider trading, market manipulation, and other violations of the federal securities laws. Before joining the SEC, I practiced securities and commercial litigation in private practice, including representing parties in FINRA arbitrations and serving as counsel to a court-appointed receiver in a multimillion-dollar Ponzi scheme.

10. From 2006 to the present, my practice has focused on litigating complex securities-related matters in federal and state courts and in FINRA arbitration proceedings, predominantly representing individuals.

11. I have served as counsel securities related actions, complex commercial litigation, FINRA arbitration proceedings, and state and federal court, including, but not limited to, the following:

a. *Sandra Schnakenburg, et al., v. Donna J. Krilich, et al.*, Case No. CACE-21-016410, currently pending in Broward County Florida; representation of a Trustee in a Will and Trust dispute.

b. *Sandra Schnakeburg, et al., v. Donna J. Krilich, et al.*, Case no. CACE-25-002983, currently pending in Broward County, Florida, representation of a individual in an tortious interference with an inheritance action.

c. *Awesome Yachts, LLC, et al., v. Loren Simkowitz, et al.*, Case No. CACE-22-015925, formerly pending in Broward County, Florida, representation of an Limited Liability Company in a derivative action.

d. *Timothy L. Hernandez, et al., v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*; FINRA Case no. 24-00175, representation of individuals against a brokerage firm for unauthorized trading activity.

e. *Mid-Castle Development Limited v. Liqueous LP, et al.*, Case No. 1:24-cv-20511, formerly pending in U.S. District Court, Southern District of Florida, representation of defendants in a stock transfer dispute.

f. *Gregg Templeton v. Sentient Brands Holdings, Inc.*, Index No. 153779/2026, currently pending in Supreme Court of the State of New York, County of New York, representing a plaintiff in an employment dispute.

g. *Danielle Azadian v. Katalyst Securities, LLC and Peter Janseen*, FINRA Case No. 23-00044, representation of a respondent in a securities dispute.

h. *Mariana Smith v. Crystal Bay Securities, Inc., et al.*, FINRA Case No 18-00218, representation of a Claimant in a breach of fiduciary duty action pertaining to securities.

i. *Igor Pavlovic, et al., v. Florida Estate and Retirement Planning Advisors, LLC, et al.*, Case No. 50-2018-CA-004958-xxxx-MB, formerly pending in Palm Beach County, Florida, representing Plaintiffs in a securities fraud action.

j. *Andy Yu v. Phillip Frost, et al.*, Case No. 1:18-CV-24060-XXXX, formerly pending in the U.S. District Court, Southern district of Florida, representing a plaintiff in a derivative action.

12. I have previously served as co-counsel with Mr. Murphy in the following action: *Mario Gadea v. Malo Automotive Group, Inc., et al.*, Case No. CACE 16-010039 (09), formerly pending in Broward County, Florida.

***Details Concerning Attorney's Fees Claim***

13. With respect to the representation of Plaintiff and the Class, Class Counsel was employed under a written contingency fee agreement which predicated the payment of attorneys' fees on the successful conclusion of the litigation. I have received no compensation for my work in this matter to date.

14. Class Counsel intends to apply to the Court for an award of attorney's fees under the common fund doctrine not to exceed twenty-five percent (25%) of the Settlement Fund, or $52,250.00, and reimbursement of litigation expense not to exceed $2,000.00.

15. My firm records time contemporaneously using handwritten and computerized timekeeping systems. I exercised billing judgment to avoid recording time that was duplicative of the work of co-counsel or unnecessary to the prosecution of the claims. My time records will be produced to the Court if requested.

16. I have expended approximately 45.0 hours in the representation of the Class as of the date hereof, and anticipate expending an additional 6.0 hours through final approval and distribution.

17. I am seeking $650.00 per hour which is consistent with prevailing market rates in the Southern District of Florida for attorneys of comparable skill, experience and reputation. My lodestar is therefore $33,150 = 51 hours x $650.00/hour.

18. My firm has not incurred any costs and litigation expenses, which were advanced by co-counsel.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

EXECUTED on this 10/14/2026, in Fort Lauderdale, Florida.

DocuSigned by:
Walter Mathews
DF5546A51B1A444...
WALTER J. MATHEWS