**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

ROMEO HEBERT, *individually and as representative of a class of similarly situated persons on behalf of the* RICK CASE ENTERPRISES, INC. 401(K) PLAN,

Plaintiff,

v.

RICK CASE ENTERPRISES, INC. 401(K) PLAN, RITA M. CASE, DARREN W. STOKES, JOHN DOE DIRECTORS 1-10, JOHN DOE COMMITTEE MEMBERS 1-10 RICK CASE ENTERPRISES, INC., *et al.*

Defendants.

**Case No. 25-62255-CIV-SINGHAL**

**ORDER PRELIMINARILY APPROVING SETTLEMENT PROPOSAL, CONDITIONALLY CERTIFYING THE SETTLEMENT CLASS, CONDITIONALLY APPOINTING SETTLEMENT CLASS COUNSEL, AND SETTLEMENT CLASS REPRESENTATIVE, PROVIDING FOR NOTICE AND ENJOINING THE PROSECUTION OF RELEASED CLAIMS.**

Plaintiff, ROMEO HEBERT, individually and on behalf of the proposed Settlement Class[1] (the "Plaintiff" or Settlement Class Representative"), and Defendants, RICK CASE ENTERPRISES, INC., RICK CASE ENTERPRISES, INC. 401(K) PLAN, RITA M. CASE, DARREN W. STOKES, JOHN DOE DIRECTORS 1-10, and JOHN DOE COMMITTEE MEMBERS 1-10 (hereinafter collectively "Settling Defendants"), jointly move the Court for an order granting preliminary approval of the settlement proposal as detailed in the Class Action Settlement Agreement (the "Agreement" or "Settlement Agreement"), preliminarily and

[1] All defined terms contained herein shall have the same meanings as set forth in the Settlement Agreement. Some definitions, however, are repeated for clarity.

conditionally granting certification of a class action against Settling Defendants, conditionally appointing the Settlement Class Representative and Settlement Class Counsel, providing for Class Notice and to enjoin the prosecution of Released Claims. The Court makes the following findings of fact for the purposes of the settlement currently before the Court:

A. With respect to evaluating a class settlement proposal, Rule 23, Fed. R. Civ. P., was amended in December 2018 to require that the Court consider whether a proposed class settlement is "fair, reasonable, and adequate," through an analysis of four factors: (1) the adequacy of representation by class Representative and class counsel; (2) whether settlement negotiations were at arm's length; (3) the adequacy of relief provided under the settlement; and (4) the equity of treatment of class members relative to one another. In addition, in assessing the adequacy of the proposed relief, the Court must balance the proposed relief against the costs, risks, and delay of trial and appeal, as well as consider the effectiveness of the method for distributing relief to the class, the terms of any attorneys' fees award, and any agreements made in connection with the proposal. As more detailed below, the Court finds that after considering these factors that preliminary approval of the settlement proposal is appropriate.

B. For purposes of settlement only, the Settlement Class is appropriate for treatment as a class under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure. The proposed Settlement Class is so numerous that joinder of all members is impractical. There are questions of law and fact common to the Settlement Class. The claims of the Settlement Class Representative are typical of the claims of the Settlement Class. The Settlement Class Representative have fairly and adequately represented and protected the interests of the Settlement Class. Questions of law and fact common to members of the Settlement Class predominate over questions affecting individual members.

C. Romeo Hebert is appropriate to serve as Settlement Class Representative. His counsel in this Class Action is equally appropriate to serve as Settlement Class Counsel and will fairly and adequately assert and protect the interests of the Settlement Class.

D. The Settlement Agreement is within the range of possible settlement and is fair, just and equitable and in the best interests of all parties hereto. The proposed settlement is sufficient to justify giving notice of the settlement to the Settlement Class.

E. The proposed Long Form and Short Form Notice, attached as Exhibit B to the Settlement Agreement, reasonably informs Settlement Class Members of the essential features of this Class Action, the Settlement Agreement, class certification, and their rights with respect thereto. The proposed distribution of Class Notice provides the best notice practicable under the circumstances and is reasonably calculated to communicate actual notice of the litigation and of the Settlement Agreement to the Settlement Class Members.

F. Since the Notice to be provided to Settlement Class Members provides the best notice practicable under the circumstances, it is fair and reasonable for the Settlement Agreement, if approved, to be binding on Settlement Class Members who do not actually receive notice thereof.

G. As a condition of the Settlement, the Settlement Class Representative, on behalf of himself individually and of each of the Settlement Class Members, has agreed to release all claims arising under federal, state, or common law as specified in the Settlement Agreement.

**NOW THEREFORE, IT IS HEREBY ORDERED:**

1. For purposes of settlement only, the Court has jurisdiction over the subject matter of this Class Action and personal jurisdiction over the parties and each of the Settlement Class Members.

2. The Court finds that the Settlement Class fully satisfies the relevant requirements of Rule 23. The Court preliminarily finds that: (a) the Settlement Class Members are so numerous that joinder of all Settlement Class Members in this Class Action is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of the Settlement Class Representative are typical of the claims of the Settlement Class; and (d) the Settlement Class Representative and Settlement Class Counsel fairly and adequately represent and protect the interests of all of the Settlement Class Members.

3. Pursuant to Federal Rule of Civil Procedure 23(b)(3) and solely for the purposes of settlement, this Class Action is preliminarily certified as a class action on behalf of a class consisting of:

> All participants and beneficiaries in the Rick Case Enterprises, Inc. 401(k) Plan (the "Plan") at any time during the period from December 15, 2022, through the date of entry of the Preliminary Approval Order (the "Class Period"), and who had funds invested in MassMutual SAGIC Diversified II Fund which were reduced by a market value adjustment. The "Class" shall include any beneficiary of a deceased person who was a participant in the Plan and who had funds invested in MassMutual SAGIC Diversified II Fund which were reduced by a market value adjustment

The Settlement Class does not include those persons who timely and properly opt-out of the Settlement Agreement.

4. Named Plaintiff, Romeo Hebert, is appointed Settlement Class Representative on behalf of the Settlement Class. Robert W. Murphy, Esq. and Walter J. Mathews, Esq. are appointed Settlement Class Counsel for the Settlement Class. The Court preliminarily authorizes the Settlement Agreement, which now preliminarily binds the Settlement Class, contingent only upon the final approval by the Court at the Fairness Hearing. The Settlement Class Representative and Settlement Class Counsel, on behalf of the Settlement Class, are authorized to take all appropriate

action required or permitted to be taken to effectuate the terms of the Settlement Agreement. American Legal Claim Services, LLC, 8011 Phillips Highway, Suite 5, Jacksonville, Florida 32256; Telephone: (904) 517-1442 ("Settlement Administrator"), is appointed as the Settlement Administrator for purposes of distribution of class notice, intake and processing of opt-outs and disbursement of settlement funds.

5. The Court preliminarily finds that the Settlement Agreement is fair, adequate, and reasonable to the Settlement Class.

6. The Court approves as to form and content the Short Form Class Notice set forth as Exhibit B to the Settlement Agreement, and that such Notice, including the right of a Settlement Class Member to opt out or object to the Settlement Agreement, as described in said Notice, satisfies the requirements of due process and all applicable laws.

7. The Settlement Administrator is directed to mail Notice within thirty (30) days after the entry of this Order by mailing and emailing the Short Form Class Notice to each Settlement Class Member at the best mailing and email address of the Settlement Class Member.

8. All reasonable costs incurred in providing Class Notice, as well as in administering the Settlement Agreement, shall be paid from the Settlement Fund as set forth in the Settlement Agreement.

9. The Fairness Hearing will be held before this Court on ________________, at _____ a.m./p.m. at the United States Federal Building and Courthouse, 299 E. Broward Blvd., Fort Lauderdale, Florida 33301, to determine whether the Settlement Agreement shall be finally approved as a fair and adequate settlement that is in the best interests of the Settlement Class. The application for attorneys' fees and expenses will also be heard at that time, as well as all other matters necessary to effectuate the terms of the Settlement Agreement.

10. All Class Members who wish to be excluded from the Settlement Class shall do so by informing the Claims Administrator in writing ("Opt-out Notice") by mail of their intention to opt out and providing the following information: (1) the Person's name, address, and telephone number; and (2) a statement or acknowledgment that the Person wishes to be excluded from the Settlement Class. To be effective, the Opt-out Notice must be postmarked no later than [at least 20 days prior to final approval hearing]________, 202___. Any Putative Class Member who does not timely and validly request exclusion from the Settlement Class in the manner required by the Settlement Agreement and Notice shall be bound by all the terms of the Settlement Agreement.

11. Any Settlement Class Member who wishes to be heard orally at the Fairness Hearing or who wishes for any objection to be considered must file a written notice of objection with the Court that includes:

(a) A statement of each objection asserted;
(b) A detailed description of the facts underlying each objection;
(c) A detailed description of the legal authorities supporting each objection;
(d) A statement of whether the objector intends to appear and argue at the Fairness Hearing and, if so, how long the objector anticipates needing to present the objection;
(e) A list of witnesses whom the objector may call by live testimony, oral deposition testimony, or affidavit during the Fairness Hearing;
(f) A list of the exhibits and documents that the objector will offer during the Fairness Hearing, along with copies of such exhibits and documents;
(g) The name and contact information, if any, of counsel for the objector; and
(h) A detailed statement of any personal or financial interest of the objector or his/her counsel in the outcome of this Class Action, determination of the objection, Preliminary Settlement Approval, the Final Order, or Final Judgment.

12. Any person who wishes for any objection to be considered must file the notice of such objection or request to be heard with the Clerk of the Court, no later than [see par. 10 above] , 202__ (the "Objection Date"). Objectors who fail to properly or timely file their objections with the Court or to serve them as provided above shall not be heard during the Fairness Hearing; nor shall their objections be considered by the Court; only Settlement Class Members may object to the Settlement Agreement. Persons who opt out of the Settlement Class may not object to the Settlement Agreement or intervene in this Class Action.

13. Absent an express written agreement by Settlement Class Counsel and Settling Defendants' Counsel agreeing to discovery, any Person who desires any discovery incident to (or which the Person contends is necessary to) the approval of the Settlement Agreement must first obtain an order from this Court permitting such discovery.

14. All proceedings in this Class Action and all Released Claims, as defined in the Settlement Agreement, by or on behalf of any Settlement Class Member in any forum are hereby ordered stayed and are enjoined until the issuance of the Final Order and Final Judgment by this Court, except as may be necessary to implement the Settlement Agreement or comply with the terms of the Settlement Agreement..

15. The Court expressly retains jurisdiction and will continue to retain jurisdiction following the Final Order and Final Judgment in this Class Action so that it can enforce the Settlement Agreement, Final Order, and Final Judgment by among other things issuing injunctions in the appropriate instances against later actions filed in violation of the terms of the Settlement Agreement and this Court's Orders.

16. The Court reserves the right to adjourn or continue the date of the Fairness Hearing without further notice to Settlement Class Members and retains jurisdiction to consider all further

applications arising out of the Settlement Agreement. The Court may approve or modify the Settlement Agreement without further notice to Settlement Class Members.

17. At least (10) court days prior to the Fairness Hearing, the Settlement Administrator shall submit to the Court an affidavit attesting that the mailing and publication of the Notices has occurred in accordance with the procedures set out herein and in the Settlement Agreement.

18. Within fifteen (15) days after the Opt-Out Deadline, the Settlement Administrator will provide Settling Defendants' Counsel and Settlement Class Counsel with a complete list of all timely and valid requests for exclusion, who will submit the list to the Court within five (5) court days thereafter.

19. Settlement Class Counsel, or any other counsel or Persons who believe that they are entitled to an award of attorneys' fees or costs, are directed to file an application for attorneys' fees and costs no later than thirty-five (35) days prior to the Fairness Hearing, which date is at least fourteen (14) days before the Opt-Out Deadline and the Objection Date, so that Settlement Class Members may review the application before the deadline to object. See Fed. R. Civ. P. 23(h); Johnson v. NPAS Solutions, LLC, 975 F.3d 1244 (11th Cir. 2020). The Settlement Administrator shall post the application on the Class Settlement Website within two (2) business days after it is filed.

IT IS SO ORDERED on this ____day of _________, 2026.

______________________________

RAAG SINGHAL
United States District Judge